## BOTHWELL ET AL. *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 78.  Argued November 9, 1920.—Decided December 6, 1920.

The contract implied from a taking by the Government is a contract to pay for the property actually taken.  P. 232.

Where construction of a Government dam flooded private land, destroyed the owner's hay there stored and forced him to remove and sell his cattle, *held,* assuming an implied obligation to pay for the hay, there was none to pay the loss due to forced sale of the cattle and destruction of business.  *Id.*

To review a judgment of the Court of Claims, the Government must appeal; it cannot attack it on the claimant's appeal.  P. 233.

54 Ct. Clms. 203, affirmed.

THE case is stated in the opinion.

*Mr. Charles H. Merillat* for appellants.

*Mr. Assistant Attorney General Davis* for the United States.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Appellants owned and utilized in their business of stock raising a large tract of land lying in Sweetwater Valley, Wyoming. In June, 1909, much hay was stored upon the land and a thousand head of cattle were there confined. Under the Reclamation Act of June 17, 1902, c. 1093, § 7, 32 Stat. 389, the United States constructed the Pathfinder Dam. This arrested the flood waters and caused inundation of appellants' lands. The hay was destroyed and it became necessary to remove the animals and sell them at prices below their fair value.

Proceedings to condemn the land were instituted by the appellee, in the United States Circuit Court for Wyoming, before the overflow. It is said the right to enter was not acquired until thereafter. The value of the land was ascertained and paid, but the court denied appellants' claim for the hay, and for loss consequent upon forced sale of the cattle and destruction of the business. No appeal was taken. The present suit was instituted to recover for the items so disallowed. The court below gave judgment for value of the hay only, and the cause is here upon claimants' appeal.

Certainly appellants' position in respect of the items in question is no better than it would have been if no condemnation proceedings had been instituted. In the circumstances supposed there might have been a recovery "for what actually has been taken, upon the principle that the Government by the very act of taking impliedly has promised to make compensation because the dictates of

justice and the terms of the Fifth Amendment so require."
*United States* v. *Cress*, 243 U. S. 316, 329.   But nothing
could have been recovered for destruction of business or
loss sustained through enforced sale of the cattle.   There
was no actual taking of these things by the United States,
and consequently no basis for an implied promise to make
compensation.   We need not consider the effect of the
judgment in the condemnation proceedings.

It is suggested that although the United States did not
appeal they may now contest the judgment upon the
ground that there was no contractual obligation to make
compensation for the hay.   "Without an appeal, a party
will not be heard in an appellate court to question the
correctness of the decree of the trial court."   *Cherokee
Nation* v. *Blackfeather*, 155 U. S. 218, 221.

The judgment below is

*Affirmed.*