## GERSHON BROS. CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.  November 10, 1922.)

No. 3929.

War ⏤14—Measure of compensation for use of property requisitioned is fair rental value.

The amount recoverable by a tenant for use of a warehouse requisitioned by the government under National Defense Act Aug. 10, 1917, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ii), is the difference between the compensation paid and the fair rental value of the warehouse, and does not include expenses of plaintiff incidental to the moving of its business to another place.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by the Gershon Bros. Company against the United States. From the judgment, plaintiff brings error. Affirmed.

Harold Hirsch and W. D. Thomson, both of Atlanta, Ga., for plaintiff in error.

C. P. Goree, Asst. U. S. Atty., and John W. Henley, Asst. U. S. Atty., both of Atlanta, Ga.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was a suit under section 10 of the Act of Congress approved August 10, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ii), entitled "An act to provide further for the national security and defense," etc. (40 Stat. 276, 279), to recover the difference between the amount paid to the plaintiff in error (herein called plaintiff), for storage space, being a warehouse rented and used by the plaintiff, requisitioned and taken by the United States in December, 1918, and retained and used by it until June 30, 1919, and the amount which the plaintiff claimed was just compensation for such taking and use.

The plaintiff claimed, in addition to the fair rental value of the property taken and used, the alleged difference in rent between the premises plaintiff vacated and those into which it moved, the amount of expense of moving plaintiff's stock from the one warehouse to the other, for loss and breakage in moving, for increased insurance, and other increased expenses, consequent upon the removal, and the value of the unexpired term of its lease, which ran until May 31, 1922, of the warehouse taken. The court ruled against the items claimed, other than the

first-mentioned one. By agreement the case was tried without a jury. There was judgment in favor of the plaintiff for the amount of the difference between what had been paid by the defendant and what the court found to be the market value of the space taken for the time the defendant had it.

The plaintiff asserted the right to recover more than the equivalent for the property taken, amounts in addition to the market value of the use of the space for the time the defendant had it. The "just compensation" to which the plaintiff was entitled is measured by the market value of its property taken. It was not entitled to more than that, because its expenses were increased in consequence of moving its business to another place. Monongahela Navigation Co. v. United States, 148 U. S. 312, 326, 13 Sup. Ct. 622, 37 L. Ed. 463; Bothwell v. United States, 254 U. S. 231, 41 Sup. Ct. 74, 65 L. Ed. 238; 20 Corpus Juris, 779. The rightfulness of the taking is not questioned. The law charged the plaintiff with notice that it was subject to be deprived of the use of the leased premises by the exercise of the power of eminent domain. Inconvenience and expense incident to vacating premises upon the expiration of the right to retain them are not proper subjects of consideration, in determining the just compensation to be paid by the party acquiring the right to possess and use them. Ranlet v. Railroad, 62 N. H. 561. The above-mentioned ruling was not erroneous.

The judgment is affirmed.