## BUSSEY v. UNITED STATES.
### No. E–343.

Court of Claims.
June 2, 1930.

418

McCutchen, Bowden & Gaggstatter, of Columbus, Ga., for plaintiff.

Percy M. Cox, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

The act of July 2, 1917, 40 Stat. 241 (50 USCA § 171), authorized the Secretary of War to cause proceedings to be instituted in the name of the United States for the acquirement by condemnation of any land, temporary use thereof, or other interest therein, or right pertaining thereto, needed for the site, location, construction, or prosecution of works for fortifications, coast defenses, and military training camps. The act further provided that when the owner of such land, interest, or rights pertaining thereto should fix a price for the same, which, in the opinion of the Secretary of War, should be reasonable, he might purchase or enter into a contract for the use of the land at such price without further delay. The act further provided: "That when such property is acquired in time of war, or the imminence thereof, upon the filing of the petition for the condemnation of any land, temporary use thereof or other interest therein or right pertaining thereto to be acquired for any of the purposes aforesaid, immediate possession thereof may be taken to the extent of the interest to be acquired and the lands may be occupied and used for military purposes."

The Secretary of War caused condemnation proceedings to be instituted in the United States District Court for the Northern District of Georgia and took immediate possession of plaintiff's lands and buildings for military purposes. The plaintiff and the defendant finally agreed upon the purchase price of the lands by the United States, and a contract of sale was entered into on June 18, 1919, on which date the plaintiff deeded the premises to the United States. The act in question conferred no authority to acquire personal property and the contract between the plaintiff and the United States related entirely to the real estate.

Prior to the execution of the contract and the purchase of the real estate, plaintiff had been notified in writing to remove his personal property from the premises. No

officer of the United States had any authority to take over the personal property of the plaintiff. It appears that plaintiff did not remove his personal property from the premises taken over by the United States before construction operations were commenced, and that, subsequently, plaintiff was considerably hindered and interfered with by the agents and employees of the United States in his efforts to remove his personal property; that a considerable quantity thereof was injured or destroyed, or used by the employees and agents of the United States, and some portion of it was used by them in connection with the construction of the cantonment. To the extent that plaintiff's personal property was used, damaged, or destroyed, either by the government's contractor or the unauthorized acts of officers or employees of the United States, such action constituted a tort, for which no recovery can be had in this court, and the plaintiff, if he can recover at all for the damage done, must look to Congress for relief. As was said by the court in Bigby v. United States, 188 U. S. 400, 404, 23 S. Ct. 468, 470, 47 L. Ed. 519: "In such cases, where it is proper for the nation to furnish a remedy, Congress has wisely reserved the matter for its own determination. It certainly has not conferred it on the court of claims." The court, quoting from Langford v. United States, 101 U. S. 341, 345, 25 L. Ed. 1010, said:

"While Congress might be willing to subject the government to the judicial enforcement of valid contracts, which could only be valid as against the United States when made by some officer of the government acting under lawful authority, *with power vested in him to make such contracts,* or to do acts which implied them, the very essence of a tort is that it is an unlawful act, done in violation of the legal rights of someone. For such acts, however high the position of the officer or agent of the government who did or commanded them, Congress did not intend to subject the government to the results of a suit in that court. This policy is founded in wisdom, and is clearly expressed in the act defining the jurisdiction of the court; and it would ill become us to fritter away the distinction between actions ex delicto and actions ex contractu, which is well understood in our system of jurisprudence, and thereby subject the government to payment of damages for all the wrongs committed by its officers or agents, under a mistaken zeal, or actuated by less worthy motives."

In Robertson v. Sichel, 127 U. S. 507, 515, 8 S. Ct. 1286, 1290, 32 L. Ed. 203, the court said:

"The government itself is not responsible for the misfeasances or wrongs or negligences or omissions of duty of the subordinate officers or agents employed in the public service; for it does not undertake to guaranty to any person the fidelity of any of the officers or agents whom it employs; since that would involve it, in all its operations, in endless embarrassments and difficulties and losses, which would be subversive of the public interests."

And, in German Bank of Memphis v. United States, 148 U. S. 573, 579, 13 S. Ct. 702, 705, 37 L. Ed. 564, the court said:

"It is a well-settled rule of law that the government is not liable for the nonfeasances or misfeasances or negligence of its officers, and that the only remedy to the injured party in such cases is by appeal to congress."

The court has steadily adhered to the general rule that, without its consent given in some act of Congress, the Government is not liable to be sued for tort, misconduct, malfeasances, or laches of its officers or employees.

See, also, Hijo v. United States, 194 U. S. 315, 24 S. Ct. 727, 48 L. Ed. 994; Tempel v. United States, 248 U. S. 121, 39 S. Ct. 56, 63 L. Ed. 162; Ball Engineering Co. v. J. G. White & Co., 250 U. S. 46, 39 S. Ct. 393, 63 L. Ed. 835; United States v. North American Transportation & Trading Co., 253 U. S. 330, 40 S. Ct. 518, 64 L. Ed. 935; Bothwell et al. v. United States, 254 U. S. 231, 41 S. Ct. 74, 65 L. Ed. 238; Mitchell v. United States, 58 Ct. Cl. 443; Johnson v. United States, 62 Ct. Cl. 234.

If the defendant could be held liable to pay for the unauthorized taking of plaintiff's personal property by government employees or by the contractor, the facts are not sufficiently definite to enable us to determine what personal property was taken and its value, as distinguished from that which was damaged or destroyed.

The plaintiff is not entitled to recover. The petition must be dismissed, and it is so ordered.