**COMMERCIAL STATION POST OFFICE, Inc., et al. v. UNITED STATES.**

**No. 8916.**

Circuit Court of Appeals, Eighth Circuit.

March 13, 1931.

Henry C. Carlson, of Minneapolis, Minn. (Fowler, Carlson, Furber & Johnson, of Minneapolis, Minn., and Harry Weiss, of St. Paul, Minn., on the brief), for appellants.

John M. Rees, Sp. Asst. to U. S. Atty., of St. Paul, Minn. (Lewis L. Drill, U. S.

184

Atty., of St. Paul, Minn., on the brief), for the United States.

Before STONE and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

STONE, Circuit Judge.

This is an appeal from an order according possession to the United States, during a condemnation of the property, of a tract of land and building thereon in St. Paul, Minn.

Appellants are owners and mortgage trustees of a tract of land and building in St. Paul, Minn., which has been leased to and occupied by the United States as a commercial station post office since November 6, 1921. By the Act of March 4, 1929 (45 Stat. 1661), the Secretary of the Treasury was authorized to acquire this property with the provision that "not more than $480,000.00" should be paid therefor. Negotiations for purchase failing, condemnation proceedings were instituted in accordance with the statutes of Minnesota. Such statutes provide for the filing of a petition, a finding by the court that the condemnation should take place, the appointment of commissioners to assess the damages, with the right of appeal from the award of the commissioners to the court where there is a jury trial de novo as to amount of damages. The petition here sought condemnation of the property, and also prayed immediate possession. The court adjudicated the condemnation with a denial, "without prejudice," of the prayer for possession, and appointed the commissioners, who filed a damage award of $317,562. An appeal to the trial court was taken by appellants from that award. From the briefs of both parties, it appears that there has been a judgment on verdict entered in that appeal for $334,416, and that there is now pending an appeal to this court from that judgment. After the award by the commissioners was filed, appellee filed a motion for immediate possession, which was contested by appellants. From an order according possession on the motion, this appeal is taken. Appellants present here three matters: Lack of authority for the order; lack of necessity for the order; improvidence of the order.

I. Lack of Authority.

While the argument upon this point is directed to three matters, the gist of all of them is that "the faith of the Government is not pledged to pay compensation for such possession."

It is urged that the condemnation petition expressly reserves the right in the Secretary of the Treasury to abandon the proceedings at any stage, and that the limitation of amount in the act leaves a like discretion in Congress if the ultimate award for the property should exceed the $480,000 fixed by the act as a maximum. It may be conceded that such rights to abandon exist, but neither affects the right to condemn nor the right to do anything which can properly be done in such a condemnation proceeding. Hanson Lumber Co. v. U. S., 261 U. S. 581, 586, 43 S. Ct. 442, 67 L. Ed. 809; U. S. v. Gettysburg Elec. Ry. Co., 160 U. S. 668, 683, 16 S. Ct. 427, 40 L. Ed. 576; Shoemaker v. U. S., 147 U. S. 282, 302, 13 S. Ct. 361, 37 L. Ed. 170.

It is urged that there must be express statutory authority to take possession pending condemnation proceedings, and, without such, the taking of possession is a trespass. Also it is claimed that the statutes do not authorize any officer of the government to take possession or to pay compensation therefor or to pay any amount in the event the ultimate award exceeds $480,000. These contentions present really two matters which are whether any officer of the government is empowered to take possession for the government and whether provision has been made to pay for the possession.

The Act of May 25, 1926 (44 Stat. 630, § 1 [40 USCA § 341]) expressly authorizes the Secretary of the Treasury to acquire by "purchase, condemnation, or otherwise" sites for "post offices." The Act of March 4, 1929 (45 Stat. 1661) was an amendment to the 1926 act, and specifically authorizes the Secretary to acquire this particular property. There could not be more direct and unequivocal conferring of authority upon the Secretary to acquire this property by condemnation. Being empowered to acquire, for the government, the entire right, title, and interest to this property, he is, of course, authorized to take over, for the government, the possession thereof without limitation as to when possession might be taken. Where, as here, the condemnation contemplates acquiring the entire title, the matter of possession is merely incidental to the main purpose, and is included therein. We have no doubt that the Secretary is amply designated as the official to conduct this condemnation proceeding and, as part thereof, to take possession of the property whenever he may properly do so.

Whether he could properly do so at the time he did depends upon the determination of the other matter argued; namely, whether adequate provision has been made to pay for such possession. It is settled that

the government may take possession in advance of passing of title or of abandonment of the condemnation proceeding (Hanson Lumber Co. v. U. S., 261 U. S. 581, 587, 43 S. Ct. 442, 67 L. Ed. 809), and that, while payment must be made for the use of the property during such advance possession (Seaboard Air Line Ry. v. U. S., 261 U. S. 299, 305, 43 S. Ct. 354, 67 L. Ed. 664; U. S. v. Rogers, 255 U. S. 163, 169, 41 S. Ct. 281, 65 L. Ed. 566), yet it need not make such payment at the time of taking possession (Seaboard Air Line Case, supra, page 306 of 261 U. S., 43 S. Ct. 354; Cherokee Nation v. Kansas Ry. Co., 135 U. S. 641, 659, 10 S. Ct. 965, 34 L. Ed. 295), but that the owner is sufficiently protected if adequate provision for payment for possession be made at the time of taking possession (Joslin Co. v. Providence, 262 U. S. 668, 677, 43 S. Ct. 684, 67 L. Ed. 1167; Hanson Lumber Co. v. U. S., 261 U. S. 581, 587, 43 S. Ct. 442, 67 L. Ed. 809).

Therefore, the substantial question here is whether adequate provision has been made to secure to appellant's payment for this advance possession. Two contingencies may arise—the government may pay the ultimate award (whether less or greater than $480,-000) and take the property or it may abandon the condemnation proceeding before or after final award. If it ultimately takes the property, payment for this advance possession must be included therein. Such payment will take the form of interest from the time possession was taken until the payment of the award. Brown v. U. S., 263 U. S. 78, 79, 44 S. Ct. 92, 68 L. Ed. 171; Seaboard Air Line Ry. Co. v. U. S., 261 U. S. 299, 306, 43 S. Ct. 354, 67 L. Ed. 664. Also see U. S. v. North Amer. T. & T. Co., 253 U. S. 330, 337, 40 S. Ct. 518, 64 L. Ed. 935.

What will occur if the condemnation is abandoned by the government? It is sufficient if the government has assumed the duty of payment for such possession "by the pledge, either expressly or by necessary implication, of the public good faith to that end" (Crozier v. Krupp, 224 U. S. 290, 306, 32 S. Ct. 488, 492, 56 L. Ed. 771) "and there is adequate provision for enforcing the pledge" (Joslin Co. v. Providence, 262 U. S. 668, 677, 43 S. Ct. 684, 688, 67 L. Ed. 1167). Has such pledge and provision for payment been here made? When the government duly authorizes the taking of private property for public use, it impliedly agrees to pay therefor. Bothwell v. U. S., 254 U. S. 231, 232, 41 S. Ct. 74, 65 L. Ed. 238; U. S. v. North Amer. T. & T. Co., 253 U. S. 330, 333, 335, 40 S. Ct. 518, 64 L. Ed. 935; U. S. v. Cress, 243 U. S. 316, 329, 37 S. Ct. 380, 61 L. Ed. 746; U. S. v. Lynah, 188 U. S. 445, 465, 472, 474, 23 S. Ct. 349, 47 L. Ed. 539; Hill v. U. S., 149 U. S. 593, 599, 13 S. Ct. 1011, 37 L. Ed. 862; U. S. v. Great Falls Mfg. Co., 112 U. S. 645, 656, 5 S. Ct. 306, 28 L. Ed. 846. Also, where the government takes without condemnation proceedings, the promise to pay is implied. Campbell v. U. S., 266 U. S. 368, 370, 45 S. Ct. 115, 69 L. Ed. 328. Also see Bothwell v. U. S., 254 U. S. 231, 41 S. Ct. 74, 65 L. Ed. 238. This rule is concisely expressed in U. S. v. Lynah, 188 U. S. 445, 465, 23 S. Ct. 349, 355, 47 L. Ed. 539 (italics ours) as follows: "The government may take real estate for a *postoffice*, a courthouse, a fortification, or a highway. * * * But can this be done without an obligation to pay for the value of that which is so taken and appropriated? Whenever in the exercise of its governmental rights it takes property the ownership of which it concedes to be in an individual, it impliedly promises to pay therefor. Such is the import of the cases cited as well as of many others." The rule is equally applicable where condemnation proceedings are abandoned—see U. S. v. Great Falls Mfg. Co., 112 U. S. 645, 5 S. Ct. 306, 28 L. Ed. 846 (a case where the taking was authorized by act, condemnation proceedings abandoned, and thereafter the property taken by the government), where the court (page 658 of 112 U. S., 5 S. Ct. 306, 312) says: "Having abandoned the proceedings of condemnation, the proper officers of the government, in conformity with the acts of congress, constructed the dam. * * * In such a case, it is difficult to perceive why the legal obligation of the United States to pay for what was thus taken pursuant to an act of congress, is not quite as strong as it would have been had formal proceedings for condemnation been resorted to for that purpose." Such obligation to pay has been upheld even where there was no specific appropriation therefor on the theory that it could not be presumed that the United States would not meet its just obligations. Great Falls Mfg. Co. v. U. S., 124 U. S. 581, 599, 8 S. Ct. 631, 31 L. Ed. 527. These citations must be taken as announcing the rule that, if the government authorizes the taking of private property, it impliedly agrees to pay the value of whatever is taken in pursuance of such authority. Here the government has authorized the taking of the entire title and use of this property; in a proper proceeding to effectuate

that purpose, it has taken possession and use of the property. Under the above authorities, it is obligated to pay for what it has taken no matter what may be the final outcome of the condemnation proceedings. Nor can it be doubted that adequate provision has been made to satisfy that obligation. It has authorized $480,000 to be paid for the entire title and use. Every dollar of that sum is back of the obligation to pay for whatever is taken in pursuance of such authorized purpose, and this possession was so taken.

Our conclusion is that there was entire authority in the court to make this order.

## II. Propriety of Order.

 Aside from the matter of authority to make the order, appellants argue the propriety of the order. This they do under two headings entitled "There was no necessity for placing the government in possession" and "The order for possession was improvidently made." Both of these may be treated together. The argument as to the first is that "the Secretary of the Treasury is forbidden to expend any moneys for building operations" until the Attorney General had rendered an opinion "that title was in the United States" (which could not be done pending the condemnation proceedings) and the government was already in possession, for all purposes, under the lease. The argument as to the second is that there is grave doubt whether "the ultimate award will not exceed the $480,000.00 appropriation and that as a consequence title cannot ultimately pass under any present act of Congress and there is therefore no assurance that compensation for any purpose will ever be paid to these landowners," which, coupled with the lack of necessity for the order, made it improvident. As to the danger of no payment for the occupancy under the order if the ultimate award should exceed $480,000 and the proceeding be abandoned by the Secretary of the Treasury, we have above removed the cause for such apprehensions. As to the necessity for the order—the court was not ruled by the necessity but by the advisability of the order. Such determination is within the wise discretion of the trial court (20 C. J. 970 and citations), and should not be overturned, unless clearly exercised improperly.

 The statutes of Minnesota provide that interest on an award shall begin with the filing thereof by the commissioners (section 6552, Mason's Minn. St. 1927), and the Supreme Court of the state has distinctly decided that the "taking" is of that date. City of Minneapolis v. Wilkin, 30 Minn. 145, 146, 147, 148, 15 N. W. 668; Whitacre v. St. P. & S. C. R. Co., 24 Minn. 311, 312; Warren v. First Div., St. Paul & P. R. Co., 21 Minn. 424, 425, 427; U. S. v. Sargent, 162 F. 81, 84, this court. With the "taking" as of the date the award was filed by the commissioners, with interest on the ultimate award allowable from that date, and with the payment for such occupancy secured by ample appropriation by Congress, the court might well conclude that possession should be given as under an order in the condemnation proceeding. This view might well be further enforced by the amount of the award which was far below the maximum appropriation and the attendant natural presumption that the property would ultimately be taken under the proceeding. Another consideration which might well affect the discretion of the court is that this record shows that the commissioners placed the value of this property at $317,562; yet this lease was for a long-time annual rental of $120,000, or an annual rental of more than 37½ per cent. of the value found by disinterested commissioners. Such an outrageous rental suggests a powerful incentive to appellants to delay, in every possible manner, the ultimate determination of the condemnation proceeding in order to prolong the receipt of such a rental. The situation shown by the above recitals, not only fails to show that the trial court exercised his discretion improperly, but strongly shows the wisdom of the order.

The order should be, and is, affirmed.