ASSOCIATED INDEMNITY CORPORATION et al. v. MARSHALL et al.

No. 7118.

Circuit Court of Appeals, Ninth Circuit.

May 31, 1934.

E. L. McDougal and Lawrence Lister, both of Portland, Or., and John J. Taheny and R. O. Purvis, both of San Francisco, Cal., for appellants.

W. A. Illidge, of Portland, Or., for appellee Thomas.

Before WILBUR, GARRECHT, and MACK, Circuit Judges.

MACK, Circuit Judge.

Section 21 (a) of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 921 (a) provides that a compensation award shall become final thirty days after it has been filed "unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section"; subdivision (b), 33 USCA § 921 (b) places no time limit upon the bringing of such proceedings.

On December 12, 1931, an award was made under the act in favor of John Thomas who was injured while in the employ of W. J. Jones & Sons, Inc., one of the appellants herein. On January 11, 1932, a bill of complaint was filed by Thomas against the Deputy Commissioner to set aside the award on the ground that there had been error in the method of computation and praying that the matter be referred back to the Deputy Commissioner with instructions to correct the award. After having obtained permission to intervene in that suit, the Associated Indemnity Corporation, one of the appellants herein, on March 1, 1932, filed an answer and a cross-complaint alleging that the Deputy Commissioner had erred in making a greater award than the law permitted and that the complainant was indebted to the intervening defendant in the amount of the overpayments already received.

On August 16, 1932, the bill of complaint in the instant suit was filed, attacking the amount of the award. The prayer was that the award be set aside, and that a finding be made that the defendant John Thomas had no further compensation due him but on the contrary had been overpaid in the amount of $416.60.

The appeal is from the order of the District Judge dismissing this latter bill of complaint, apparently on the ground that it had not been filed until after the expiration of the statutory thirty-day period when the award became final as against the plaintiffs therein. The cross-complaint of the Associated Indemnity Corporation in the suit instituted by John Thomas was also dismissed, probably for the same reason; but that order is not before us for review.

Appellants contend that their complaint was not filed too late because appellee Thomas' suit, commenced within the thirty-day period of the statute, prevented the Deputy Commissioner's order from becoming final. According to this contention, the institution of suit by one party would permit suit by the other party at any time before the conclusion of the first suit. Such an interpretation is not required by the wording of section 21 and comports ill with the general scheme of the act. Although there is no limitation in section 21 (b) on the time of bringing suit to set aside an award, a thirty-day limitation, at least when there has been no earlier suit by the other party, is quite clearly implied from section 21 (a). See Twine v. Locke, 68 F. (2d) 712, 714 (C. C. A. 2, 1934); Globe Stevedoring Co., Inc., v. Peters, 57 F. (2d) 256, 259 (D. C. S. D. Tex., 1931). And there is no logical necessity for assuming, because the suit by one party for the purpose of setting aside the order prevents the order from becoming final in the sense that it may be enforced under paragraph (c) of section 21 (33 USCA § 921 (c), that it also leaves the order open to attack by the other party under paragraph (b), 33 USCA § 921 (b). Although in form not an appeal, a proceeding to set aside the award is somewhat analogous to an appeal; certainly an appeal of one party from a judgment would not ordinarily indefinitely extend the time of the other party to appeal or subject the judgment to attack by the other party. Cf., Bothwell v. United States, 254 U. S. 231, 41 S. Ct. 74, 65 L. Ed. 238 (1920); Pennsylvania Cement Co. v. Bradley Contracting Co., 13 F. (2d) 532 (C. C. A. 2, 1926). Appellants argue, however, that since these proceedings are in equity, and are not attacks on decrees or judgments of a court, the chancellor exercising the flexible powers of equity should do full and not partial justice. But the remedial powers of the court are only those which are conferred by the statute and are strictly confined to the suspension or setting aside of the order. Cf., Howard v. Monahan, 31 F. (2d) 480, 481 (D. C. S. D. Tex., 1929), modified on petition for rehearing (D. C.) 33 F. (2d) 220. Furthermore, section 21 (b), 33 USCA § 921 (b) provides that payments shall not be suspended during proceedings to set aside an award unless the court finds that irreparable damage would otherwise result to the employer. To permit an attack upon the award at any time after the thirty-day period in order to obtain a decrease in the amount merely because the beneficiary had in proper time sued to set aside the award in order to obtain a larger award would expose the beneficiary to the danger, in fact threatened in this suit, of a suit for overpayments in case the attack, made too late as a strictly original proceeding, should be successful.

Appellants contend that this interpretation will encourage litigation. It is suggested that it would be to the advantage of a party intending to litigate to delay filing suit until the end of the thirty-day period in order to catch off guard an adverse party, who, although he had substantial grounds for challenging the award, might prefer not to indulge in the expense of litigation unless forced to do so by the other party. In order to protect himself in case of such a last minute attack, such a party would be forced to file suit to set aside the award. The dangers thus suggested are not substantial enough to offer a persuasive guide to interpretation; moreover, one who has not appealed may intervene to sustain an award against attack. Cf., United States Casualty Co. v. Taylor, 64 F.(2d) 521, 525 (C. C. A. 4, 1933); United States v. American Railway Express Co., 265 U. S. 425, 435, 44 S. Ct. 560, 68 L. Ed. 1087 (1924).

■ The supplemental decree referring to the Deputy Commissioner the fixing of Thomas' attorney's compensation, without notice to or knowledge of appellants, was not erroneous. Appellants had no interest therein; it was a matter solely between Thomas and his attorney as it came out of, but could not increase, Thomas' award. Moreover, as the District Judge stated, the direction though announced in court, had been omitted from the decree by inadvertence.

Affirmed.