## HESSEL v. A. SMITH & CO.

District Court, E. D. Illinois.

June 30, 1936.

J. G. Thomas and R. F. Dobbins, both of Champaign, Ill., for plaintiff.

J. L. Rosenberg, of Decatur, Ill., for defendant.

WHAM, District Judge.

This matter comes before the court on the sworn bill of the complainant, John Frederick Hessel, owner of certain premises which the United States government is seeking to condemn in a pending proceeding in this court and of which premises the government has taken possession with title in a statutory proceeding under the provisions of sections 258a–258e, title 40 U.S.C., 40 U.S.C.A. §§ 258a–258e (Feb. 26, 1931, c. 307, §§ 1–5, 46 Stat. 1421, 1422). In the hearing before the court plaintiff seeks a temporary injunction against the defendant, A. Smith & Co., a corporation, to restrain said defendant and those acting in its behalf under a contract with the United States for the erection of a post office building on said premises, from wrecking and demolishing the improvements now thereon or otherwise damaging said premises until the final determination of said condemnation proceedings and final hearing on plaintiff's bill for injunction. The defendant did not appear at the hearing though served with timely notice. The United States is not made a party to this suit.

It is alleged in the bill of complaint that on the day of the filing of the said condemnation proceedings against said lands in which plaintiff and others were made defendants, the United States of America filed in said cause a "Declaration of Taking," and subsequent thereto an order was entered thereon by this court entitled, "Judgment on the Declaration of Taking." Copies of said order and all papers filed in support of said declaration of taking are attached to plaintiff's bill. Said order, after setting forth the findings of the court necessary to bring the "taking" within the authority of said statute (258a, title 40, U. S.C., 40 U.S.C.A. § 258a), provided, in part, as follows:

"And the Court, having fully considered said condemnation petition and Declaration of Taking, and the statutes in such cases made and provided, is of the opinion that the United States of America was and is entitled to take said property and have the title thereto vested in it pursuant to the Act of Congress approved August 1, 1888. It is therefore, considered by the Court, and it is the order, judgment and decree of the Court, that the title to the following described lands in fee simple absolute was vested in the United States of America, upon the filing of said Declaration of Taking and the deposit in the registry of this court, as hereinabove recited, of said sum of Twelve Thousand Dollars ($12,000.00) and said lands are deemed to have been condemned and taken as of the date of said filing and deposit and are condemned and taken for the use of the United States, and the right to just compensation for the same thereby vested in the persons entitled thereto and the amount of said compensation shall be ascertained and awarded in this proceeding and established by judgment herein pursuant to law.

"The lands are described as follows: * * *

"The possession of the above described property shall be delivered to the United States of America on or before the 1st day of March 1936.

"This cause is held open for such other and further orders, judgments and decrees as may be necessary in the premises.

"Entered on this, the 28th day of January, 1936."

It is further alleged by the plaintiff that the Secretary of the Treasury of the United States has awarded a contract to the de-

fendant herein, A. Smith & Co., a corporation, for the wrecking and demolition of the improvements upon the premises and for the erection of a building thereon, and that the defendant is about to enter upon the premises for the purpose of carrying out said contract; that the premises are improved with a dwelling house of a value in excess of $25,000 in the belief of the plaintiff; that no compensation, as provided by law, has been paid to the plaintiff, nor has reasonable, certain, and adequate provision for obtaining said compensation for said premises been made; that, in the opinion of the plaintiff, the reasonable and adequate compensation for said premises will be in excess of the limitation prescribed by Congress as a price to be paid therefor; that without the aid of the injunctive process of this court the defendant will destroy the improvements upon said premises without compensation therefor having been paid to the plaintiff and without adequate provision having been made, in violation of the rights of the plaintiff under the Fifth Amendment to the Constitution of the United States of America, in that he will be deprived of his property without due process of law and have his said property taken from him for public use without just compensation, resulting in an irreparable injury to him for which he has and will have no adequate remedy at law.

The principal contention of the plaintiff is that the statutory authority under which the United States of America has taken title and possession of said property under the order of this court prior to the conclusion of the condemnation suit is unconstitutional and void, in that it takes from the plaintiff his property without due process of law and deprives him of his property for a public use without just compensation.

There has been no showing that the procedure of "taking" has not been in strict accordance with statutory provisions. Furthermore, it appears from the record of the cause that plaintiff did not contest the right of the United States to the order of taking, though he was a party to the proceeding and had notice of the hearing, and has taken no steps in said proceedings to have said order set aside. He is without standing in this suit for injunction against the defendant acting under its contract with the United States unless the said order of taking is void and of no effect because founded on an unconstitutional law.

While reference is made in the declaration of taking filed herein to other statutes, it is obvious that the authority for the "taking," which "taking" was subsequent to the beginning of the condemnation proceedings, was found in sections 258a–258e, title 40, U.S.C., 40 U.S.C.A. §§ 258a–258e, Feb. 26, 1931, c. 307, 1–5, 46 Stat. 1421, 1422. The validity of said statute only will be considered.

It is said by counsel for plaintiff that there is no published decision wherein the constitutionality of the statute in question has been considered, and I have found none. The short but helpful brief supplied by counsel for plaintiff deals only with applicable general principles.

The Fifth Amendment to the Constitution of the United States provides: "No person shall * * * be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." Whether or not the statute in question infringes the constitutional rights of the plaintiff depends on whether it provides for or permits the taking of plaintiff's property for a public use without due process of law or without just compensation. Section 258a of said statute provides, in part, as follows:

"Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court. No sum so paid into the court shall be charged with commissions or poundage.

"Upon the application of the parties in interest, the court may order that the

money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. If the compensation finally awarded in respect of said lands, or any parcel thereof, shall exceed the amount of the money so received by any person entitled, the court shall enter judgment against the United States for the amount of the deficiency."

The order of taking, pursuant to the statute, vests in the government the title to the land upon the finding by the court that the government has paid into court for the use of the owners of the land the amount estimated to be just compensation for the land taken and vests in the persons entitled thereto the right to just compensation for the land to be ascertained and awarded in the pending condemnation proceeding and established by judgment therein, including interest at 6 per cent. on any part of the award in excess of said payment into court from the date of the "taking" to the date of its payment.

It thus appears that the United States is irrevocably bound, having taken possession and title to said land under said statute and order of court, to afford to the persons entitled thereto just compensation for the lands so taken, including interest on any deferred payment thereof; such compensation to be ascertained and established by a judgment in the pending condemnation proceeding.

The title to the lands having been vested in the government and the right to just compensation having been vested in the persons entitled thereto by order of court under provisions of the statute at the request of the government as part of its proceedings for the acquisition of the land by condemnation, the government has no right hereafter to abandon the proceeding. The irrevocable commitment of the United States to pay the ultimate award in the pending condemnation proceeding whenever the United States proceeds under the statute in question is further recognized in statute by the provision in section 258c: "Action under section 258a of this title irrevocably committing the United States to the payment of the ultimate award shall not be taken unless the chief of the executive department or agency or bureau of the Government empowered to acquire the land shall be of the opinion that the ultimate award probably will be within any limits prescribed by Congress on the price to be

paid." The opinion of Josephine Roche, Acting Secretary of the Treasury of the United States, that the ultimate award of damages for the taking of the property in question will be within the limits prescribed by Congress to be paid as a price therefor, is filed in writing here as part of the declaration of taking. The statute having been complied with and the plaintiff's rights taken thereunder, the government is irrevocably bound regardless of whether or not the ultimate award is within any limits prescribed by Congress on the price to be paid.

Section 258e likewise recognizes the irrevocable nature of the "taking" and the obligation to pay the amount ultimately awarded, and specifically makes provision for demolishing existing structures and erecting buildings or public work thereon.

That secure provision is made by the statute for the ultimate payment to the plaintiff of just compensation for his property ascertained by due process of law seems beyond reasonable question. Does the fact that both title and possession are taken from him before the precise measure of just compensation has been ascertained by due process and entirely paid amount to a "taking" without due process and without just compensation?

Provision is made by statute and in these proceedings for the amount estimated by the acquiring authority as just compensation to be paid into court and made immediately available to those entitled to it. This has been done. Likewise, provision has been made for payment to those entitled of any additional amount awarded in the condemnation proceeding with interest thereon from date of "taking" at the rate of 6 per cent. per annum. Thus it is only such additional amount, if any, that may be awarded in the condemnation proceeding of which the plaintiff and any others entitled thereto are deprived pending the conclusion of the proceeding and provision is made for payment of interest on such additional amount which is equivalent, as near as may be, to payment for the use of premises in so far as not paid for by the deposit in court.

In Cherokee Nation v. Southern Kansas Railway Co., 135 U.S. 641, at page 659, 10 S.Ct. 965, 971, 34 L.Ed. 295, the court said: "The constitution declares that private property shall not be taken 'for public use without just compensation.' *It does not provide or require that compensation shall*

*be actually paid in advance of the occupancy of the land to be taken,* [italics mine]; but the owner is entitled to reasonable, certain, and adequate provision for obtaining compensation before his occupancy is disturbed."

In Commercial Station Post Office et al. v. United States, 48 F.(2d) 183 (C.C.A. 8), the court upheld the action of the District Court in entering an order, without the benefit of express statutory authority, permitting the United States to take immediate possession of the land sought to be condemned for a post office site pending the conclusion of a suit for condemnation where, in the judgment of the court, adequate provision had been made to pay for such possession even in the event of a possible subsequent abandonment. The court said: "It is settled that the government may take possession in advance of passing of title or of abandonment of the condemnation proceeding (Hanson Lumber Co. v. United States, 261 U.S. 581, 587, 43 S.Ct. 442, 67 L.Ed. 809), and that, while payment must be made for the use of the property during such advance possession (Seaboard Air Line Ry. v. U. S., 261 U.S. 299, 305, 43 S.Ct. 354, 67 L.Ed. 664; U. S. v. Rogers, 255 U.S. 163, 169, 41 S.Ct. 281, 65 L.Ed. 566), yet it need not make such payment at the time of taking possession (Seaboard Air Line Case, supra, page 306 of 261 U.S., 43 S.Ct. 354 [67 L.Ed. 664]; Cherokee Nation v. Kansas Ry. Co., 135 U. S. 641, 659, 10 S.Ct. 965, 34 L.Ed. 295), but that the owner is sufficiently protected if adequate provision for payment for possession be made at the time of taking possession (Joslin Co. v. Providence, 262 U.S. 668, 677, 43 S.Ct. 684, 67 L.Ed. 1167; Hanson Lumber Co. v. U. S., 261 U.S. 581, 587, 43 S.Ct. 442, 67 L.Ed. 809)." 48 F.(2d) 183, at pages 184–185.

Thus it seems well settled that the United States may lawfully take possession and proceed with its use of land sought to be condemned prior to trial, judgment, and payment of the judgment, if adequate provision be made for ultimate payment of just compensation to the land owner.

What of the right of the government to take title prior to judgment and payment of just compensation?

The statements in numerous cases that title does not pass until after judgment and payment of compensation are unquestionably correct where there is no statutory provision for divesting and investing of ti- tle prior to judgment and payment based upon reasonable, certain, and adequate provision for due ascertainment and payment of just compensation. In none of those cases was such a statute involved, and in no case, so far as I am advised, has the validity of such statutory provision been passed upon. In no case has the rule been asserted that title may not lawfully pass by appropriate statutory proceedings prior to judgment and payment of compensation where adequate statutory provision duly complied with has been made for ascertainment by usual procedural methods and payment of just compensation when ascertained.

It would seem that from the practical standpoint of actual injury the taking of title from the landowner prior to the ascertainment and the payment of just compensation is no greater deprivation of the landowner of his property without just compensation than is the taking of the possession and beneficial use of his land, assuming in each case that sure and adequate provision has been made to ascertain and pay just compensation. Any actual, direct disturbance of or interference with property rights without just compensation amounts to a "taking" without just compensation. If a partial "taking" extending to a total taking of the beneficial use of the property can lawfully be accomplished within constitutional limits and without infringing the owner's constitutional rights prior to ascertainment and payment of just compensation, it seems reasonable that there may likewise be a prior entire "taking" under an act of Congress that makes sure and adequate provision for payment of just compensation when ascertained.

The due process provision of the Constitution is satisfied whenever adequate provision has been made by the government for ascertaining just compensation pursuant to the regular processes of the law and for its payment when ascertained in due course of procedure. The right of the sovereign to take land for a public use and deprive the owner of both possession and title is absolute regardless of statutory provision, subject only to the constitutional limitation that such "taking" must not be without due process nor without just compensation. It would seem that there can be no reasonable possibility that the government's right to condemn the land here in question can be successfully attacked or defeated so as to warrant an injunction to preserve the sta-

tus quo pending the final outcome of the proceeding. Only the measure of just compensation is now in issue.

There is no sufficient showing in the bill of complaint that adequate provision has not already been made by appropriation of funds by Congress for the specific purpose of paying the ultimate award for this land, and it appears from the declaration of taking that such provision has been made. In any event, the government is irrevocably bound to pay the unpaid balance of the award, if any, when established by final judgment of court. Such absolute and irrevocable undertaking on the part of the government must be held to be an adequate provision for its payment.

My conclusion is that the law under which the government has proceeded to take title and possession of the land in question (title 40 U.S.C.A. §§ 258a–258e) is constitutional and that the proceedings thereunder are valid and proper; that the government had the lawful right, after taking the land, to enter into a contract with the defendant giving it the right to enter upon the premises, demolish the buildings thereon, and erect a new building pursuant to his contract; that the temporary restraining order herein must be and is hereby dissolved, and plaintiff's application for a temporary injunction against the defendant must be and is hereby denied.