## ZELLER v. ASSOCIATED INDEMNITY CORPORATION et al.

### No. 8332.

Circuit Court of Appeals, Ninth Circuit.

Oct. 20, 1937.

W. A. Illidge, of Portland, Or., for appellant.

E. L. McDougal, Randall S. Jones, and Lawrence Lister, all of Portland, Or., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order permanently enjoining appellant from enforcing payment of a penalty imposed under a provision of the Longshoremen's and Harbor Workers' Compensation Act, section 14, subd. f (33 U.S.C.A. § 914(f).

The earlier history of this controversy is detailed in our opinions in Associated Indemnity Corporation et al. v. Marshall et al., 71 F.(2d) 235, and Associated Indemnity Corporation et al. v. Marshall et al., 71 F.(2d) 420. For present purposes it will be convenient briefly to review the progress of the litigation.

On December 12, 1931, an award was made under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. A. § 901 et seq.) in favor of appellant's intestate John Thomas, who was injured while in the employ of appellee W. J. Jones & Son. The award was for $1,968.34, directed to be paid in bi-weekly installments. On January 11, 1932, Thomas filed a bill in the District Court for a review pursuant to subdivision (b) of section 21 of the act (33 U.S.C.A. § 921(b), claiming error in the method of computing his compensation. The employer and its insurance carrier, appellees here, on March 1, 1932, intervened in the proceeding brought by Thomas and by cross-complaint petitioned the court for an order restraining the Deputy Commissioner and Thomas from making any further collections under the award of December 12, 1931, claiming that the Deputy Commissioner had erred in making a greater award than the law permitted and that Thomas had been overpaid. The cross-complaint was dismissed upon the ground that the award had become final as provided in subdivision (a) of section 21 of the act (33 U.S.C.A. § 921(a). Upon appeal we affirmed the order of dismissal. 71 F.(2d) 420. On August 6, 1932, the appellees filed in the District Court an original bill of complaint, attacking the amount of the award and praying that a finding be made that Thomas had no further compensation due him but had already been overpaid. This bill was dismissed upon the same grounds as presented in the dismissal of the cross-complaint filed earlier, and on appeal the action of the trial court was likewise affirmed. 71 F.(2d) 235. Thomas ultimately took a voluntary nonsuit in the review proceeding which he had begun in the District Court, and the employer and insurance carrier, who had ineffectually intervened in that action, appealed to this court. Their appeal was dismissed as frivolous. Associated Indem-

nity Co. v. Thomas et al. (C.C.A.) 72 F. (2d) 1009.

Meanwhile, after having paid for a time the weekly compensation due under the award, appellees ceased to make further payments. On February 7, 1933, on application of Thomas the Deputy Commissioner made a finding pursuant to 33 U.S.C.A. § 914(f), that the employer and insurance carrier were in default under the award of December 12, 1931, for fifty-two weeks' compensation, and entered a supplemental order that Thomas be paid additional compensation of 20 per cent. of the amount in default.

Thereupon appellees brought this suit in the court below, seeking an injunction against the enforcement of the penalty imposed by the order of the Deputy Commissioner; and on May 29, 1933, the court entered a preliminary order restraining defendants (appellants here) "from proceeding further in reference to the order of February 7, 1933, until the review of the compensation order of December 12, 1931 now pending in this court, be finally determined." This injunction was later made permanent, and from the final injunctive order the present appeal was taken.

Appellees have paid the balance of the award of December 13, 1931, but not the penalty assessed by the supplemental order.

█ This case is controlled by Arrow Stevedore Co. et al. v. Pillsbury (C.C.A.) 88 F.(2d) 446. We there held that to escape the 20 per centum additional penalty provided by section 14(f) of the act (33 U.S.C.A. § 914(f)[1] the employer must pay the award within ten days after it is filed in the office of the deputy commissioner, unless before the expiration of the ten days he obtains an interlocutory injunction as provided in section 21(b) of the act (33 U.S.C.A. § 921(b).[2]

It necessarily follows that where the employee alone appeals, in the hope of obtaining increased compensation, the employer subjects himself to the imposition of the penalty if he fails to pay the award within the prescribed period.

The order of the Deputy Commissioner was proper.

█ Under the provisions of section 28 of the act (33 U.S.C.A. § 928), we have power to award appellant's counsel a fee for legal services rendered in defense of the Deputy Commissioner's supplementary order fixing the penalty award, and in the prosecution of this appeal. We fix this amount accordingly at $75.

Reversed.

---

1 "(f) If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as but in addition to such compensation, unless review of the compensation order making such award is had as provided in section 921 of this chapter."

2 "(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred. * * * The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court * * * allows the stay of such payments."