## FABRICA URUGUAYA DE NEUMATICOS, S. A. v. UNITED STATES.
### No. 46486.
United States Court of Claims.
July 11, 1949.

Robert G. Zeller, of Washington, D. C. (Daniel James and Cahill, Gordon, Zachry & Reindel, New York City, on the brief), for plaintiff.

Kendall M. Barnes, Washington, D. C., and Assistant Attorney General H. G. Morison, for defendant.

Before JONES, Chief Judge and WHITAKER, HOWELL, MADDEN, and LITTLETON, Judges.

WHITAKER, Judge.

Plaintiff sues the defendant for what it says is just compensation for a quantity of rubber which defendant requisitioned in September and October of 1942. It was paid an amount computed according to the Surplus Stocks Program formula. This was cost, freight, insurance and storage charges.

In Neumaticos Goodyear, S. A., v. United States, 73 F.Supp. 969, 109 Ct.Cl. 535, certiorari denied 334 U.S. 838, 68 S.Ct. 1496, 92 L.Ed. 1763, we held that this formula afforded the fairest measure of just compensation under all the facts there existing, if there be added thereto a fair mark-up for profit. The facts in that case and in this are the same except in two respects.

In this case plaintiff's costs, freight, insurance and storage are shown; in the Neumaticos case they were not shown and the average total costs paid under the Surplus Stocks Program was used to which was added what we called "a fair mark-up for profit." In this case plaintiff was paid its actual total costs computed according to the formula of the Surplus Stocks Program. It was paid nothing for profit.

Defendant insists that any allowance for profit runs counter to a number of decisions, including Bothwell v. United States, 254 U.S. 231, 41 S.Ct. 74, 65 L.Ed. 238; Mitchell v. United States, 267 U.S. 341, 45 S.Ct. 293, 69 L.Ed. 644; De Laval Steam Turbine Co. v. United States, 284 U.S. 61, 52 S.Ct. 78, 76 L.Ed. 168; United States v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390. These decisions do hold that anticipated profits from the sale of requisitioned property are not recoverable. We have no quarrel with these holdings. But we do say that an owner whose property has been requisitioned is entitled to something more than the cost to it of the property and the cost of bringing it to the place of requisition and keeping it until it is requisitioned. "Just compensation" means something more than this. Cost has never been the measure of just compensation. The Surplus Stocks Program formula allowed cost only. This owner when it purchased this property ran the risk of the loss of it at sea; it ran the risk of having it damaged in transit; it ran the risk of fire and theft while in storage; it ran the risk of a declining market; it ran all the risks incident to business enterprise. No doubt some of these risks were compensable under the insurance policies; some equally without doubt were not. It seems to us unjust that a condemnor should reap the benefit of all these risks without paying for it.

In addition, plaintiff had the right to retain its property until all restrictions on its

use and disposition had been removed. This right was of some value, although difficult to ascertain. Of this right plaintiff was deprived by the requisition. This cannot be done without compensating it therefor.

In the Neumaticos case we loosely spoke of this extra amount to which we thought plaintiff was entitled over the Surplus Stocks Program figure as "a fair mark-up for profit." This was an inaccurate and a misleading expression. The mark-up to which we think plaintiff is entitled is one to compensate it for the risks any owner runs who buys property beyond the seas and who transports it here and keeps it in storage awaiting an opportunity to use it or to dispose of it. Something should be added to cost to compensate it therefor, call it what you will.

The minds of reasonable men may well differ as to what this mark-up should be; it no doubt would vary in different cases; but in this case it seems to us that ten percent added to cost, including freight, insurance and storage, is not wide of the mark.

In Neumaticos Goodyear, S. A., v. United States, supra, the mark-up allowed did not amount to quite this amount. We allowed no more in that case than plaintiff had claimed in its application filed with the Board of Economic Warfare. Plaintiff in this case is not so limited.

In this case, as in the Neumaticos case, plaintiff claims the so-called "retention value" of the rubber. This value plaintiff says is definitely proved in this case because defendant sold it rubber for exportation to Uruguay in the years after requisition at an average price of 57.1 cents per pound. This, it says, is its retention value.

This turned out to be its retention value, it is true, but this does not mean it was its retention value at the time of the requisition. It is as of that time that the retention value is to be fixed. It is as of this time that just compensation is to be determined. United States v. New River Collieries Co., 262 U.S. 341, 43 S.Ct. 565, 67 L.Ed. 1014; United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55; United States v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390. "Retention value" as an element of just compensation means what it is worth to a property owner at the time of requisition to hold on to his property, which he could not then use or dispose of, until he is at liberty to use it or dispose of it.

It is an intangible value, incapable of anything like exact measurement. It has been availed of in our decisions more to show that the value of property requisitioned at the ceiling price was not necessarily limited thereto rather than to afford any measurement of value. It influences value, but affords but a poor guide by which to measure it.

Some owners no doubt would have preferred to risk the uncertainties of war and war conditions and hold on to their property rather than to take a mere mark-up of 10 percent; others perhaps would not; but, viewing the situation as it was when the property was requisitioned, we think such a mark-up fairly and justly compensates the owner in this case.

Plaintiff is entitled to recover the sum of $93,411.98, plus interest as a part of just compensation at 4 percent on $81,757.91 from September 17, 1942 to September 11, 1945, except for the period from January 29, 1943, to March 1, 1943, and also plus interest at 4 percent per annum on $11,654.07 from October 22, 1942 to September 11, 1945, except for the period from January 29, 1943 to March 1, 1943, and plus interest at 4 percent per annum on $51,187.73 from September 11, 1945 to date of payment, less $43,572.95 paid on account. Judgment will be entered accordingly.

HOWELL, MADDEN, and LITTLETON, Judges and JONES, Chief Judge, concur.