**UNITED STATES v. FISK BUILDING et al.**

United States District Court
S. D. New York.
Sept. 10, 1951.

Salvatore T. Gambino, Sp. Asst. to the Atty. Gen. of the U. S., for petitioner-plaintiff.

Pindyck & Bernstein, Bernard H. Goldstein, New York City (Hilliard L. Bernstein and Bernard H. Goldstein, New York City, on the brief), for defendants.

WEINFELD, District Judge.

In its petition for condemnation, the United States seeks to acquire "the exclusive use, occupancy and possession" of two floors of an office building for a term of years from July 15, 1951, ending July 14, 1952, and extendable for yearly periods until July 14, 1956. The proceeding was initiated at the request of the Administrator of General Services. The space is to be used by the Department of State in connection with its radio broadcasts known as the "Voice of America."

On June 28, 1951, petitioner obtained an ex parte order granting it immediate possession of the premises by July 15, 1951. The defendants, who are tenants of part of the space sought by the Government, now move by order to show cause (which stays the Government from taking possession until the determination of this motion) (1) to dismiss the petition, and (2) to set aside the order of immediate possession.

The power of eminent domain is inherent in the Government as an aspect of sovereignty, subject to the requirement of the Fifth Amendment that just compensation be paid. Albert Hanson Lumber Co.

594

v. United States, 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809. However, the power to condemn may be exercised only when explicitly authorized by statute. Carmack v. United States, 8 Cir., 135 F.2d 196. Unless such authority exists the petition must be dismissed.

In moving for the dismissal of the petition, defendants contend that there is no statutory authority granting the Government the power to condemn a temporary interest in land. The statutes here invoked by the Government are 40 U.S.C.A. §§ 257, 304c.

■ Section 257 of Title 40 U.S.C.A. provides that in "every case in which * * * any * * * officer of the Government has been, or hereafter shall be, authorized to procure real estate for the erection of a public building or for other public uses, he may acquire the same for the United States by condemnation * * *." The section is not an overall grant of the power of condemnation—its application depends upon other legislation authorizing an "officer of the Government * * * to procure real estate * * * for * * * public uses * * *." Barnidge v. United States, 8 Cir., 101 F.2d 295.

Such authority is found in 40 U.S.C.A. 304c, which empowers the Administrator of General Services to "procure space by lease, on such terms and for such period not in excess of five years as he may deem in the public interest, for the housing of any Federal agency or agencies outside of the District of Columbia * * *."

It has been held that Sections 257 and 304c of Title 40 U.S.C.A., construed together, enable the Administrator to condemn a leasehold interest in a building. United States v. Midland National Bank of Billings, D.C., 67 F.Supp. 268. The Court there held that the power to procure "real estate" in Section 257 is broad enough to include "space by lease" referred to in Section 304c and such "space by lease" could be procured by condemnation. While this appears to be the only decision directly in point, like results were reached in other cases holding that power conferred upon the Government by statute to "acquire" or to "purchase" land enabled it, by reason of

Section 257, to procure the land by condemnation rather than by purchase. Albert Hanson Lumber Co. v. United States, 5 Cir., 277 F. 894, affirmed 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809; United States v. Threlkeld, 10 Cir., 72 F.2d 464; Barnidge v. United States, supra.

■ Although the latter cases involved the acquisition of an entire fee, the same reasoning is applicable to the instant case which concerns the procurement of a temporary interest by condemnation. Authority to "procure" a lease is found in Section 304c and it is clear that a lease, being a possessory interest in land, is "real estate" as contemplated by Section 257. Thus, the authority to procure a lease carries with it the power to condemn, and the motion to dismiss the petition is denied.

The defendants next seek to vacate the order of immediate possession upon the ground that the Court was without power to grant such an order by reason of the Government's failure to comply with the requirements of the Declaration of Taking Act, 40 U.S.C.A. 258a. The latter section provides that "In any proceeding * * * for the acquisition of any land or easement or right of way in land for the public use, the petitioner may file * * * with the petition or at any time before judgment, a declaration of taking * * * declaring that said lands are thereby taken for the use of the United States" and upon the filing of the declaration and of a deposit in Court of the estimated compensation, to the use of the persons entitled thereto "title * * * in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States * * *." The Government admits that it has failed to comply with the foregoing requirements. However, it states that it is not proceeding under the Act but that it relies upon the inherent power of the Court to grant immediate possession. Commercial Station Post Office, Inc., v. United States, 8 Cir., 48 F.2d 183.

Prior to this enactment, the Court's inherent power to grant an order of immediate possession, provided that adequate provision was made to assure the owner

of compensation, was unquestioned. Commercial Station Post Office, Inc., v. United States, supra; Hessel v. A. Smith & Co., D.C., 15 F.Supp. 953; see also City of Oakland v. United States, 9 Cir., 124 F.2d 959, certiorari denied 316 U.S. 679, 62 S.Ct. 1106, 86 L.Ed. 1753; United States v. A Certain Tract or Parcel of Land, D.C., 44 F.Supp. 712.

The defendants contend that Section 258a now provides the sole and exclusive procedure when immediate possession is sought in advance of judgment and compliance therewith is mandatory. The Government urges that the Act was adopted by Congress not for the purpose of changing the decisional law but to supplement it. While the issue is not altogether free from doubt, neither the Act nor its legislative history shows that Congress intended that the Act supersede the judicially declared power to grant immediate possession. In the absence of clear indication as to such legislative intent, the Court is constrained to find that the pre-existing power has not been supplanted by the Act.

The affidavit submitted in opposition to the motion states that Congress has appropriated the sum of $79,000,000 to carry out the Voice of America program. The condemnation proceeding was instituted to secure space for personnel required to effectuate the purposes of the program. The appropriation constitutes the necessary provision for the payment of compensation and such damages as defendants may be entitled to receive by reason of their dislocation, and, therefore, the authority for granting the order of immediate possession existed. In any event, "when the United States 'takes' property for a public purpose, an implied promise arises to pay compensation to the owner, even though no statute so provided." McGrath v. Cities Service Co., 2 Cir., 189 F.2d 744, 747, and cases there cited.

The defendants also contend that no justification exists for the condemnation of the space. The scope of judicial review of an agency's determination as to the extent of the property taken, the duration of the interest acquired, and the nature of the use, is extremely limited. United States v. State of New York, 2 Cir., 160 F.2d 479, certiorari denied 331 U.S. 832, 67 S.Ct. 1512, 91 L.Ed. 1846. The Court does not believe that it may substitute its judgment for that of the Administrator upon the facts presented on this motion.

There remains for final consideration the request made by tenants' counsel upon the argument of the motion for a further stay in the event of a denial of their motion, to enable the tenants to find other quarters. The order of immediate possession was entered without notice to them on June 28, 1951, granted possession by July 15, 1951, and was extended by petitioner to August 15, 1951. The tenants have since remained in possession under a stay contained in the present order to show cause.

In view of the reliance by the petitioner upon the Court's inherent power, the Court, in the exercise of reasonable discretion and the interests of justice, may stay the order. Judicial notice may be taken of the extreme shortage of space such as that occupied by the tenants.[1] They have been in possession of the premises for more than seven years, have expended substantial capital sums to equip it for the conduct of their business activities, are experiencing much difficulty in finding comparable quarters, and if obtainable, are faced with very substantial increase of rent.[2] The dislocation of the tenants unquestionably presents a hardship situation for them. While the program of the Government is of tremendous importance, the plight of the tenants who are to be forced from their present quarters must also be considered. The order of possession is stayed for a period of 20 days, up to and including the 30th day of September, 1951.

Settle order on notice.

---

1. See Declaration of Public Emergency, Ch. 314, Laws of 1945, as amended and extended, McKinney's Unconsol.Laws, § 8551 et seq.

2. Their present occupancy is protected by rent control law.