WATTS & LE ROY, executors, &c. *vs.* LAWRENCE.

Where, upon a bill filed to compel the defendant to discover and deliver over to the complainants a pass book, alleged to belong to them, and which was wanted by them as evidence against him in a suit at law, and the defendant, by his answer, admitted the pass book to be in his possession, and referred to it in such a manner as to entitle them to an inspection of the same, as a part of the answer; *Held,* that the complainants were not entitled to use the pass book as evidence in their suit at law, separate from the defendant's answer, previous to a final decree declaring their right to the same.

Previous to a final hearing of a cause, the court only orders the production of books and papers upon two principles: security pending the litigation, and discovery or inspection for the purposes of the suit in this court.

THIS was an application for an order requiring the defendant to deposit with the assistant register a pass book, claimed by the complainants as belonging to them and admitted by the answer of the defendant to be in his possession, and particularly referred to in such answer. The object of the application was to enable the complainants to use the same on the trial of an action at law which had been commenced by them against the defendant.

*B. F. Butler & S. A. Talcott,* for the complainants.

*D. P. Hall & R. Sedgwick,* for the defendant.

THE CHANCELLOR. There can be very little doubt as to the equity of this case, from the bill and answer alone. The object of the bill is to obtain a discovery and a decree for the pass book, to enable the complainants to proceed and recover their demand against the defendant in the suit at law. At the final hearing of this cause the complainants may be entitled to a decree declaring them the rightful owners of this pass book, and directing it be delivered up to them to be used in such manner as they may think proper. But, without taking time to comment upon the numerous cases cited on the argument of this petition, I am satisfied that in this stage of the suit the

March 6.

court cannot decide upon the rights of the parties to this book, or order a delivery thereof, in anticipation of a decree. Previous to the final hearing of a cause, the court only orders the production of books and papers on two principles : security pending the litigation, and discovery or inspection for the purposes of the suit. In this case it is proper, for these purposes, that the pass book be deposited with the assistant register. It is referred to, and made part of the answer ; and for that reason, the defendant, when it is produced, has a right to have it annexed to the answer, so that it cannot be used by the complainants in their suit at law, in the present stage of this cause, except as a part of the answer to a bill of discovery. What would be its effect, if thus produced as evidence before the court of law, it is not necessary for this court to determine. As it is a part of the discovery sought for here, the complainants have the right to have it thus deposited with the answer, as a part of the evidence on which they are to ask for a final decree in this cause.

The defendant must, therefore, within ten days after notice of this order, deposit the pass book in controversy with the assistant register. But he is at liberty to have it annexed to the original answer on file, as a part thereof. And in that case the pass book is not to be detached from the answer and no separate copy or exemplification thereof is to be furnished to any person without the further order of the court.