1831.

Eager
v.
Wiswall.

EAGER *vs.* WISWALL and PRICE.

Where the master reported an answer insufficient, and upon exceptions to his report the same was confirmed by default, and a second answer was referred to the master upon the old exceptions, *held* that the defendants were precluded from objecting that the original objections were not well taken.

If an answer is insufficient, the complainant must raise all his objections to it in the first instance, and he will not be permitted to make any objections to the second answer which were raised by exceptions to the first.

If any of the exceptions to an answer are not well taken, the defendant must have that question settled in the first instance, and before he submits to answer further, or he will be compelled to answer these exceptions fully, unless the court thinks proper to relieve him, on terms, from the consequences of his neglect.

It is a matter of course to allow the complainant to inspect the books and papers of the defendant, referred to in his answer, and thus made a part thereof. And the defendant may be compelled to produce them within a reasonable time, although they are in the hands of his agent in a foreign country.

THIS cause came before the court on exceptions to the master's report as to the insufficiency of the further answer of the defendant Wiswall; and also upon a petition of the complainants for the production of certain books and papers referred to in the answer and in the further answer.

March 15th.

*H. Bleecker,* for the complainants.

*D. Selden,* for the defendant Wiswall.

THE CHANCELLOR. If the exceptions to the first answer were well taken, it is evident the master is right in reporting the further answer is insufficient in the matters particularly mentioned in his report. It is however insisted that some of the matters to which those exceptions relate are immaterial and irrelevant, and that the first answer was sufficient. I am inclined to think this was the fact as, to a part of the exceptions. It therefore becomes material to enquire whether the defendant is not precluded from making this objection by the course which has been pursued in relation to the exceptions.

1831.

Eager
v.
Wiswall.

The original exceptions to the answer for insufficiency were allowed by the master. The defendant then excepted to the report, for the purpose of bringing the question before the court. The latter exceptions were noticed for hearing on the part of the complainants, and the defendant having neglected to appear and argue the same, those exceptions were overruled; and the report of the master was confirmed. He now seeks to bring the same questions before the court, by exceptions to the master's report on the reference of the further answer on the old exceptions.

In *Crisp* v. *Nevil*, (1 Eq. Ca. Abr. 35, 1 Ca. in Ch. 60, S. C. ) the defendant submitted to the master's report, allowing the exceptions, and then put in a further answer which met all the charges in the bill ; but, in truth, the exceptions went beyond the bill. On a reference of the second answer, the master reported it insufficient, because the exceptions were not fully answered. The defendant then excepted to this last report of the master. But Lord Clarendon held him precluded in consequence of the first report which had been submitted to, and decided that he was bound to answer all the matters of the exceptions. This appears to be a case directly in point, although the case under consideration is stronger. Here the master's first report was in fact confirmed, on exceptions thereto ; and that order, though obtained by default, still remains in force. It is true that in the subsequent case of *Finch* v. *Finch*, ( 2 Ves. sen. 491, ) Lord Hardwicke held that the defendant was not absolutely precluded from raising a question, on the second report, which might have been raised by excepting to the first ; although he admits it is a singular way of bringing the question before the court. I should infer from the language of the lord chancellor, that the same practice existed at that time in the master's office, in relation to the reference of a first answer, which Lord Eldon afterwards very properly corrected, in relation to the further answer in the case *Rowe* v. *Gudgeon*, ( 1 Ves. & Beam. 331. ) That practice was for the master to report the answer insufficient if he found one of the objections thereto well taken, without enquiring whether it was or was not sufficient as to the other points excepted to.

The general principal of the court is that if the answer is insufficient, the complainant must raise all his objections thereto in the first instance; and he will not be permitted to raise any objections to the second answer which were not made by exceptions to the first. This has indeed been carried so far as to preclude the party from raising an exception to the answer of the defendant to an amended bill, where, upon the same principle, he might have excepted to the original answer, but had neglected so to do. (*Overy* v. *Leighton*, 2 Sim. & Stu. 234.)

If this principle is correct when applied to the neglect of the complainant to bring his objections before the court the first opportunity, they are equally correct as applied to the defendant. In neither case is the party absolutely precluded; because the court might, in a proper case, relieve him from the consequences of his neglect, upon terms. And if the court saw that it was utterly impossible for the defendant to answer the exceptions in any different manner from what he had before done; or that by answering he might seriously criminate himself, he might be excused from answering further. In that case however it would be perfectly reasonable that he should pay the expense of the second reference. Here there is no real difficulty in making a perfect answer to these exceptions; although it may subject the party to some little inconvenience, as well as to costs. If he wished to avoid that difficulty his remedy was by applying to open the order by which his exceptions to the first report of the master were overruled. The exceptions to the last report must therefore be disallowed with costs; and the defendant must pay the costs and put in his further answer within ten days after notice of the order overruling his exceptions to the report, as fixed by the master.

The petition for the production of the books and papers refered to in the answer and further answer, must also be granted. It is a matter of course to permit the complainant to have the inspection of deeds, books and papers, referred to in the defendant's answer, and thus made a part thereof. If they are within his power, or under his control, he must produce them within a reasonable time, although they are in the hands

1831.

Eager
v.
Wiswall.

of his agent in a foreign province. (*Farquharson* v. *Balfour*, Turn. & Russ. Rep. 190, 206. *Freeman* v. *Fairlie*, 3 Meriv. 44.). Those which are in the actual custody of the defendant, or within his power in New-York, must be produced within ten days; and those which are out of the state, within such reasonable time as the master may allow for that purpose.