ROBBINS (ATKINSON v.). See Case No. 617.

ROBBINS (BRUSH v.). See Case No. 2,-059.

ROBBINS (CLAFFLIN v.). See Case No. 2,-776.

---

## Case No. 11,880.

### ROBBINS v. DAVIS et al.

[1 Blatchf. 238; 5 N. Y. Leg. Obs. 245.] [1]

Circuit Court, S. D. New York. June 15, 1847.

PRACTICE IN EQUITY — EVIDENCE — DOCUMENTS — PLEADING—ANSWER—PRODUCTION OF BOOKS.

1. A plaintiff in a suit in equity, is entitled, on a motion for that purpose, to have produced for inspection and to be used in aid of his suit, documents in possession of the defendant or his agents, which are referred to in the answer, without being set forth at large, and are material to the support of the plaintiff's rights.

2. But he is not entitled, by motion, to call for the production by the defendant, of papers to which no allusion is made in the answer.

3. If his bill alleges the existence of such papers, and their possession by the defendant, and the answer fails to reply to the allegation, he should except to the answer.

4. Where the answer sets forth extracts from the defendant's books, which are sworn to embrace every thing in the books that relates to the subject matter of the suit, the plaintiff cannot, upon motion, and on a suggestion that the extracts given are. if not garbled, at least liable to suspicion, entitle himself to a general inspection of the books of the defendant relating to other matters.

5. He is entitled to the production, for inspection, of the books which contain the extracts given, but the defendant is at liberty to seal up the other parts of the books, and the inspection must take place under the supervision of an officer of the court.

6. But he is not entitled to the production of a book, where his bill does not in any way call for its production or discovery, or show its materiality to the matters in controversy.

The plaintiff in this case [David Robbins] contracted to build a hotel at Pensacola, Florida, for the Pensacola City Company, an unincorporated association, of which the de-

---

[1] [Reported by Samuel Blatchford. Esq., and here reprinted by permission. 5 N. Y. Leg. Obs. 245, contains only a partial report.]

fendants [Charles A. Davis, Morris Robinson, and Samuel Jandon] were trustees. The office of the trustees was in New-York, where their books, accounts and documents were kept, and their secretary, one Thurston, resided. The bill was filed for a discovery and account, and an answer put in, and on the taking of proofs before a commissioner, the secretary was examined as a witness. He admitted that he was in possession of certain books, &c., of the defendants, but refused to produce them or extracts from them, because forbidden to do so by the defendants. The plaintiff now applied for an order that the books, &c., be produced.

George Sullivan, for plaintiff.

Charles C. King, for defendants.

BETTS, District Judge. This is a motion that the defendants produce before the commissioner taking testimony, certain books of entries, in which minutes of the proceedings of the Pensacola City Company, an unincorporated association, are kept, and of which company the defendants are trustees, and acting agents and directors. The motion is founded upon proceedings in the commissioner's office. The proofs taken by that officer are returned by him, and the unsuccessful effort of the plaintiff to have the books and documents put in evidence, is set forth in the return. The witness under examination, who is the clerk or secretary of the association, admitted that the books were in his possession as such secretary, and that, at the request of the plaintiff, he had prepared copies and transcripts from them to put in evidence, but refused to produce them, because he was prohibited by the defendants.

Two objections are raised to the motion: First, that the plaintiff, having filed a bill for discovery, must rest upon the discovery furnished by the answer of the defendants, and that, if his bill failed to call for particulars material to his case, the deficiency must be supplied by a supplemental bill, or by an amendment; and second, that the secretary of the defendants cannot be compelled to produce books and papers of others in his keeping. To this point the several cases of Bank of Utica v. Hillard, 5 Cow. 153, 419, 6 Cow. 62, were cited.

I think neither of the objections is sufficient to bar this application. The rule of chancery pleading may probably be, that where the answer sets out specifically the contents of books or papers called for, or denies that anything is contained in them pertinent to the issue in the cause, the plaintiff may be concluded by the answer; and, under this principle, the plaintiff here may not be entitled to ask more, under the first interrogatory of his bill, than is furnished by the answer. But it is clear that, by the English and American practice, a plaintiff may, by petition or motion, have produced for inspection and to be used in aid of his suit, documents in possession of the defendant or his agents, which are referred to by the answer, without being set forth at large, and are material to the support of the plaintiff's right. Story, Eq. Pl. §§ 856–861; Eager v. Wiswall, 2 Paige, 369; Watts v. Lawrence, 3 Paige, 159; 3 Daniell, Ch. Prac. (Am. Ed.) 2057; 1 Hoff. Ch. Prac. 306, 307.

The second interrogatory to the bill specifically calls for the documents which are the subject of this application. The answer to that part of the interrogatory is not explicit; but, after replying to other discoveries demanded by it, the defendants conclude by referring "to the former part of their answer," for further answer to the special inquiries. The former part of the answer admits, that an office is kept by the defendants in New-York, and that "the minutes of the meetings of the share-holders, and of the trustees of the said Pensacola City Company, are in the said office, under the charge of N. Thurston, acting as the clerk or register of the said trustees." That such minutes are a registry of the proceedings and transactions of the trustees in the management of the trust, is to be legally implied from that admission, as also from the schedules and extracts furnished from the minutes, and made part of the answer, showing the succession of trustees, and the time of the appointment of the defendants. But I do not find any admission of the existence of any correspondence in relation to the subject matter sought to be inquired into. This mode of answering makes the minutes sufficiently a part of the answer to authorize the plaintiff to require their production and to give evidence from them in support of his case. The sufficiency of the evidence to charge the defendants will of course be open to consideration on the hearing of the cause, and the testimony, though ordered to be received, is to be admitted subject to all legal exceptions as to its sufficiency. The case of Eager v. Wiswall, before cited, shows that a defendant may be compelled to produce books not in his personal possession, if they are with his agent or under his control. The decisions in the several cases of Bank of Utica v. Hillard, before referred to, have reference only to the liability of an agent to compulsory process to produce the papers of his principal.

The order must accordingly be granted, in pursuance of the application of the plaintiff, that the defendants cause the book of minutes or account of the transactions of the trustees, in relation to payments of money made to George E. Chase or to the plaintiff, for the erection of the hotel in the pleadings mentioned, or sworn extracts of the entries in respect thereto, to be given in evidence.

No foundation is laid for calling, in this manner, for the letters and correspondence between the trustees and their agents in Pensacola, or with the plaintiff, in relation to the subject matter of the suit. No allusion is made in the answer to the existence of such

correspondence. The plaintiff, is, therefore, not entitled, by a summary motion, resting on the allegations of his bill, or on his proofs, to call for the disclosure of those documents. Story, Eq. Pl. §§ 856–860; 3 Daniell, Ch. Prac. 2057. He should have excepted to the answer for not replying to his allegation of their existence and possession by the defendants; and having waived all objection to the defectiveness of the answer in that respect, he cannot now have, by this method of summary petition or motion, the same benefit as through a discovery by answer.

Afterwards a supplemental bill was filed and answered, and during the further taking of proofs before the commissioner, in September, 1848, another motion was made by the plaintiff for an order to compel the secretary to produce certain books, &c.

George Wood and George Sullivan, for plaintiff.

William Kent, for defendants.

NELSON, Circuit Justice. This is a motion on the part of the plaintiff, to compel the secretary of an unincorporated association, of which the defendants are trustees, to produce books, correspondence and other documentary evidence, before the commissioner taking testimony in the cause, for the inspection of counsel. A list of books and papers, and extracts from the books, &c., have been given in the answer of the defendants to a supplemental bill, and are appended to the same, being included in Schedules B and C, and which extracts, as is verified by the oath of the secretary, embrace every thing in the books and accounts, that relates in any way to the subject matter in controversy. The residue of the contents of the books has reference to the general concerns of the defendants, unconnected with the subject of this suit. The plaintiff seeks to entitle himself to a general inspection of the books of the association relating to other matters, without being confined to the particular subject in controversy, upon a suggestion that the extracts, as above authenticated, are, if not garbled, at least liable to suspicion. We do not think that a sufficient foundation is laid upon the motion for this extraordinary interposition of the powers of the court. The plaintiff is entitled to the production of the books containing the extracts, for inspection on the examination; but the other parts of the books may be sealed up, and the inspection is to take place under the supervision of the commissioner.

The plaintiff also asks for the production and inspection of the private account book of George E. Chase, contained in the list furnished in Schedule B, which had been forwarded to the defendants from Pensacola, with other books of the association. But, on looking into the supplemental bill, we do not perceive any call for a discovery or production of this book, either by special reference to it, or in terms that would necessarily embrace it, or any thing that shows it to be material to the matters in controversy.

The order, therefore, must be limited to the production of the books containing the extracts that are appended to the answer in Schedule C, with liberty to the defendants to seal up the other parts of the books, and the inspection is to take place under the supervision of the commissioner.