420

ASSOCIATED INDEMNITY CORPORA-
TION v. MARSHALL, Deputy Compen-
sation Commissioner, et al.*
No. 7235.

Circuit Court of Appeals, Ninth Circuit.
May 31, 1934.

Rehearing Denied July 19, 1934.

E. L. McDougal and Lawrence Lister,
both of Portland, Or., for appellant.

W. A. Illidge, of Portland, Or., for ap-
pellee Thomas.

Before WILBUR, SAWTELLE, and
GARRECHT, Circuit Judges.

PER CURIAM.

Upon the authority of Associated Indem-
nity Corporation et al. v. Wm. A. Marshall,
etc., et al., 71 F.(2d) 235, this day decided,
involving the same question here presented,
the decision of the District Court is affirmed.

On Rehearing.

The appellant seeks rehearing in this case
on the ground that the situation with refer-
ence to the pleadings was somewhat differ-
ent on this appeal from that in the compan-
ion case between the same parties, No. 7118,
71 F.(2d) 235. We call attention to the dif-
ference stated by the appellant for the pur-
pose of making more clear the fact that we
have passed upon the question thus present-
ed, as follows:

"We submit, however, that the questions

*Rehearing denied July 19, 1934.

presented in the two cases are not the same,
but, on the contrary, involve very different
principles of law.

"The question involved in case No. 7118
was whether an appeal by a party indefinite-
ly extends the time for an independent ap-
peal by the other party or parties. To this
question the court answered in the negative.

"In the instant case the question is wheth-
er or not an appeal in the manner provided
by law by one party gives the other party
the right to answer the complaint and to set
up by way of answer all defenses possible,
including a counterclaim or offset."

The counterclaim or set-off to which pe-
titioner refers in this excerpt from his peti-
tion for rehearing is a claim based upon the
contention that the award theretofore made
by the deputy commissioner in favor of John
Thomas was too great in amount. The ef-
fort is thus by way of cross-complaint to at-
tack the decision of the commissioner after
the period fixed by law for such an attack.
The question involved is one of statutory con-
struction. We think it is immaterial whether
the attack is by way of intervention, as in
case No. 7118, or by way of cross-complaint.
In either event we hold the attack is too late
unless filed within a thirty-day limitation
provided by section 21 (a) of the Long-
shoremen's and Harbor Workers' Compensa-
tion Act (33 USCA § 921 (a).

Petition denied.