**In re FOX.**

**ALL CONTINENT CORPORATION et al. v. STEELMAN.**

**No. 6260.**

Circuit Court of Appeals, Third Circuit.

March 31, 1938.

Murry C. Becker, of New York City, and Clarence L. Cole and Cole & Cole, all of Atlantic City, N. J., for appellants.

Wm. Elmer Brown, Jr., of Atlantic City, N. J., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is an appeal from an order of the District Court, growing out of an examination under section 21a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 44(a), directing the appellant to deposit all of its cashbooks, journals, ledgers, transfer ledgers, check books, check stubs, canceled checks, bank books, bank statements, brokerage statements and contracts, with the exception of current check books, in some neutral place, such as a safe deposit vault of some bank, for the purpose of enabling the appellee, trustee in bankruptcy, to examine and audit them in order to ascertain such information as they contain respecting the acts, conduct, and property of the bankrupt.

The referee had previously ordered the appellant to deliver to the trustee all these books for the purpose of being examined by him. On review the court modified the order as above stated.

The question is whether or not the court under section 21a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 44(a), had authority to make the order here under review. In determining this question it should be kept in mind that the appellant, the examination of whose books is sought is a third party and not a party to these bankruptcy proceedings; that the books here in question had already been produced in court day after day and week after week by the appellants and the widest latitude allowed in examining them and the bookkeeper who kept them; that there had been read into the record from the books practically the record of every transaction that might remotely tend to show that such transaction was with the bankrupt and that photostatic copies of such transactions were allowed and furnished.

The modification of the referee's order made by the District Court was simply a modification of the procedure and in no way affects the question of the legality of the order. The question is the right of the trustee to examine the books of a third party and obtain knowledge of its transactions and business in which the bankrupt was in no way concerned. Whether the trustee through his accountant secures this knowledge by examination of the books while he is alone and has exclusive possession, or while in the presence of a representative of the appellant, does not affect or change the legality of the rule of law involved.

No fraud has been alleged on the part of the appellant or bankrupt. The creation of the appellant, by way of a deed of trust, and the transfer of property to it for the benefit of his wife and family by the bankrupt, did not render him insolvent. Five and one-half years elapsed before he filed his petition in bankruptcy.

In granting the trustee's request, the referee said: "I cannot find any case in which the exact question here involved has been directly raised and passed upon by our courts."

He thought, however, that he had power under section 21a of the act to allow the examination of the books of the All Continent Corporation in accordance with the prayer of the petition. Under the authority of Looschen Land & Building Company et al. v. Milson, 3 Cir., 266 F. 359, we do not think that he had such power. The All Continent Corporation claims to be an adverse party in the bankruptcy proceedings and that the title to the books and other property is in it and not in the bankrupt. If such be the fact the referee may not have the books surrendered to the trustee and examined, as though they belonged to the bankrupt. Whether or not the books are in fact the property of the bankrupt and not of the All Continent Corporation has not been determined and under the authority of the Looschen Case, cited above, that question must be determined by a plenary suit. Until it has been determined the trustee is not entitled to the books under the facts in this case.

The surrender of the books of a third party to the trustee or his representative must be distinguished from the production of the books to be examined at the hearing. The production of the books is simply equivalent to a subpoena duces tecum. In re Ironclad Manufacturing Co., 2 Cir., 201 F. 66. It is also true that, under the circumstances of fraud, reasonable fear of the disappearance of books, etc., none of which were alleged here, the court may impound the books of a third party when they are produced. But this is very different from an order directing the surrender of the books to the trustee where they are not even in the custody of the court. The general rule is as we held in the case of Zimmerman v. Wilson, 3 Cir., 81 F.2d 847, that a plenary suit is necessary to effect the surrender of the books of an adverse claimant.[1]

The trustee proceeded upon the theory that, in order to ascertain the facts concerning the assets and liabilities of the bankrupt, it was necessary to have possession of all the books of the appellant. The trustee has already examined the books through a witness or witnesses to the fullest extent and, while it might be desirable to have unmolested possession of the books, this does not make it legal. Not a single case has been cited where a surrender of the books was ordered under the circumstances of this case.

The court made the order directing the books to be turned over for examination by the trustee largely upon the ground that the business and assets of the appellant were "for a time at least entirely in the control of the bankrupt." The appellant was created in October, 1930, and on December 30, 1930, the bankrupt transferred to it about $7,000,000 of the assets and received therefor all of its issued capital stock. On January 28, 1931, the bankrupt conveyed all the capital stock of the appellant to a trustee under a trust agreement. The period during which the bankrupt had possession of the assets and business of the appellant, as its owner, was about a month. This in itself does not and cannot justify the order requiring the books to be delivered to the trustee covering a period of nearly six years, and no objection has been raised as to the examination of the books or transactions covering the month during which the bankrupt was in possession of the appellant's business and assets, as owner. Thereafter he seems to have had some managerial relation to the appellant. This, under the circumstances, was natural and perhaps wise. Nor is there any objection to the admission in evidence of any transaction recorded in the books of the appellant with the bankrupt. These have been admitted and photostatic copies thereof furnished to the trustee. But we know of no rule of law requiring the delivery of the appellant's books to the trustee so that he may examine the transactions between appellant and others having no interest in, or connection with, the bankrupt. Neither do we know of any rule of law which permits counsel to obtain indirectly the same result by having a witness read into evidence from the books the record of a transaction with

---

[1] And we might here note that, recognizing that a plenary suit is an appropriate remedy, such an action has been brought by the trustee in the court below.

which the bankrupt had no connection. Of course, this could be done if it were established that the appellant belonged to the bankrupt and was simply his alter ego, but this could be established only by a plenary suit. The error of the referee was the assumption that this was a fact and then proceeding as though the fact had been established. Until this fact had been established the trustee did not have the right to possession of the appellant's books. What the trustee could not do could not be done by his accountants or counsel nor by counsel for creditors.

THOMPSON, Circuit Judge (dissenting).

This is an appeal from an order of the District Court for the District of New Jersey affirming with modifications an order of the referee. The trustee in bankruptcy of William Fox obtained an order from the referee directing that All Continent deliver its books for examination. This order was affirmed with modifications by the District Court. All Continent and Eva Fox, the wife of the bankrupt, who claims to be the sole stockholder of All Continent, objected upon the ground that the referee had no authority to make such a summary order. They contended that a plenary suit was necessary.

Justice Cardozo in Steelman v. All Continent Corporation, 301 U.S. 278, 57 S.Ct. 705, 706, 81 L.Ed. 1085, dealing with another phase of this case, tersely summarized the situation as follows: "William Fox was adjudicated a bankrupt on May 29, 1936, in the United States District Court for the District of New Jersey. On the petition of two creditors an order was made under section 21a of the Bankruptcy Act (11 U.S.C. § 44(a), 11 U.S.C.A. § 44(a), for the examination of All Continent Corporation (a Delaware corporation), its president Eva Fox, who was also the bankrupt's wife, his daughters, and other witnesses. The wife refused to submit to examination, and was cited for contempt. When this record was made up, the proceeding to punish her was still undetermined. Meanwhile the examination proceeded with the aid of the witnesses responding to the order. Aft-

er seventeen or more hearings the Referee made an order on August 18, 1936, whereby All Continent Corporation was directed to deliver all its books and records to the trustee in bankruptcy (petitioner in this court) for examination and audit. As a basis for the order, which was confirmed by the court with unimportant changes (In re Fox [D.C.] 16 F.Supp. 950), the referee certified the facts as they had been developed through the evidence before him. By this it appeared that All Continent Corporation was the creation of the bankrupt himself, who had supplied every dollar of its capital; that in doing this he had divested himself of a substantial portion of his property; that the entire capital stock, then claimed by his wife, had been kept in his name upon the corporate books; that he had retained in his possession and under his control the assets of the corporation, made up of securities, and had dealt with them on many occasions as if they were his own; that he held a power of attorney, broad in its terms, authorizing him to act for the corporation in the transaction of its business; that such books and records as were already in evidence disclosed disbursements for his account, discrepancies between the entries and those in his private books, and also erasures, corrections and interlineations affecting the scrutinized transactions, as well as sales to the corporation on the eve of bankruptcy. In the view of the Referee, this chain of facts combined with many others in the testimony before him, was proof 'that the affairs of the All Continent Corporation were so related to and intertwined with the property and affairs of the bankrupt' as to show the need for an exhaustive examination and audit of all the documents available."

I think the right of the trustee and of the creditors to examine the books can be found in section 21a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 44(a), which provides for examination of third parties as well as of the bankrupt.

Being of the opinion that the order of the learned judge of the court below is in accordance with the law and that his order should be affirmed, I am constrained to dissent from the majority opinion.