In re FOX.

**LEITSTEIN v. CAPITAL CO. et al.**
No. 6473.

Circuit Court of Appeals, Third Circuit.
April 2, 1938.

Daniel G. Rosenblatt and Murry C. Becker, both of New York City, and Cole & Cole, of Atlantic City, N. J., for appellant.

Walter Hanstein, of Atlantic City, N. J., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

Upon a certificate for contempt issued by the referee in bankruptcy, the District Court issued a rule to show cause why the appellant, Leitstein, should not be adjudged in contempt of court because he had refused: (1) To answer certain questions asked him in a hearing before the referee under section 21a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 44 (a); (2) to permit certain pages of the cashbook of All Continent Corporation, hereinafter called All Continent, to be marked in evidence; (3) to open the book Exhibit P–31, at page 26; and (4) to permit counsel to inspect and examine the books of All Continent.

Upon the return of the rule, Leitstein was adjudged guilty of criminal contempt and was ordered to appear before the court to receive sentence and to appear before the referee and comply with his orders in relation to giving testimony, producing and marking in evidence certain documents, and other orders of the referee.

This case was based upon the contention that the questions which the appellant refused to answer were relevant and proper and that the documentary evidence sought and refused was admissible and proper and should have been produced by the appellant.

The appellant was found to be guilty of criminal contempt of the District Court and of the referee in bankruptcy and in consequence was ordered to appear: (1) To receive sentence for the criminal contempt, and (2) to give testimony before the referee and comply with his orders.

The District Court allowed an appeal from the order directing the appellant to appear for sentence and to give testimony. The appellees moved to dismiss the appeal on the ground that it was taken before the imposition of sentence and, therefore, premature. This contention is based upon the theory that this is a criminal contempt and is accordingly an independent action at law and in such case an appeal may not be taken except from final orders.

The question to be determined first is whether or not the appellant was guilty of criminal contempt.

The order from which appeal was taken is too broad. It is based upon the assumption that the learned District Judge had found the appellant guilty of both civil contempt and criminal contempt, whereas it found him guilty of criminal contempt only. The second part of the order is purely remedial and not punitive. In the case of Biderman v. Cooper, 3 Cir., 273 F. 683, we held that the court could not find the contemnor guilty of civil contempt and impose upon him a punitive sentence, for criminal contempt, and the converse is equally true.

The first paragraph of the order stated above directs the appellant to appear for sentence as in criminal contempt. If the contempt was criminal, the imposition of that sentence ended the court's authority to sentence the appellant further. The

second paragraph of the order directs him to appear before the referee and give testimony and produce documentary evidence, which he had refused to do. This part of the order is appropriate to civil contempt and was a means by which the appellant would purge himself of such contempt.

In civil contempt the punishment is remedial, to secure an end; while in criminal the punishment is punitive, to vindicate the authority and dignity of the court. It is not the fact of punishment but the purpose and character of it which distinguishes contempts. Punishment in civil contempt is imposed where it is sought to coerce a witness to do something which he has been directed to do and has refused, while in criminal contempt punishment is imposed for doing that which has been forbidden or for the violation of an order of the court. Punishment in criminal contempt cannot undo or remedy the thing which has been done, but in civil contempt punishment remedies the disobedience.

In the case of Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 442, 31 S.Ct. 492, 498, 55 L.Ed. 797, 34 L.R.A.,N.S., 874, the court said: "If a defendant should refuse to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance required by a decree for specific performance, he could be committed until he complied with the order. Unless there were special elements of contumacy, the refusal to pay or to comply with the order is treated as being rather in resistance to the opposite party than in contempt of the court. The order for imprisonment in this class of cases, therefore, is not to vindicate the authority of the law, but is remedial, and is intended to coerce the defendant to do the thing required by the order for the benefit of the complainant. If imprisoned, as aptly said In re Nevitt [8 Cir.], 117 F. [448] 451, [the contemnor] 'carries the keys of his prison in his own pocket.' He can end the sentence and discharge himself at any moment by doing what he had previously refused to do."

The above quotation shows that the appellant here, if guilty of anything, is guilty of civil contempt. He was ordered to answer certain questions and to produce certain books, which he refused to do.

Proceedings for civil contempt are between the original parties and are usually so entitled. In the case at bar they are entitled: "Herbert Leitstein, Appellant, v. Capital Company and Chicago Title & Trust Company, Appellees." The referee entitled his certificate for contempt: "In the Matter of William Fox, Bankrupt." In the District Court the cause was entitled: "In the Matter of Herbert Leitstein." But proceedings for criminal contempt are between the public and the defendant and are generally entitled between the defendant and the court, or the state or the government. The caption of a cause, however, cannot change the facts, purpose, and character of the contempt and is not conclusive.

In the case at bar the appellant did not violate a judgment or decree of the court, or do anything which he had been ordered not to do. He simply refused to do what the referee directed him to and any punishment imposed in consequence must be remedial. The contempt, if any, is civil and not criminal.

A motion was made to dismiss the appeal. This was based upon the assumption that the proceedings were for criminal contempt, which is an independent action at law. If such had been true, the appeal would have been dismissed, but such was not the case. An action for civil contempt is regarded as an action between the parties and for the benefit of the party aggrieved. The proceeding here for civil contempt grew out of the action in bankruptcy and the order is appealable. Ellis v. Interstate Commerce Commission, 237 U.S. 434, 35 S.Ct. 645, 59 L.Ed. 1036; Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Brownson v. United States, 8 Cir., 32 F.2d 844.

The next question at issue is whether or not Leitstein must answer the questions asked by the referee and counsel, and produce the books requested by counsel and commanded by the referee and court.

In the case entitled "All Continent Corporation and Eva Fox, Appellant v. Hiram Steelman, Trustee in Bankruptcy of William Fox, Bankrupt, Appellee," 3 Cir., 96 F.2d 20, we said: "Nor is there any objection to the admission in evidence of any transaction recorded in the books of the appellant with the bankrupt. These have been admitted and photostatic copies thereof furnished to the trustee. But we know of no rule of law requiring the delivery of the appellant's books to the trustee so that he may examine the transactions between appellant and others having no in-

terest in, or connection with, the bankrupt. Neither do we know of any rule of law which permits counsel to obtain indirectly the same result by having a witness read into evidence from the books the record of a transaction with which the bankrupt had no connection." We adhere to that rule in this case. Of course, the witness, when required to do so, must answer all proper questions relating to transactions between All Continent and the bankrupt, and produce any and all books, documents, and papers containing a record of such transactions, so that such record may be read or marked in evidence. This the appellant says that he is and always has been ready and willing to do. But in securing such evidence appellees may not go on a "fishing" expedition into transactions between All Continent and third parties and have the appellant testify concerning such transactions, or read into the evidence, or have marked in evidence, the record of such transactions contained in the books, papers, records, and documents of All Continent. The appellees are entitled to have any item on any page of any book recording a transaction between All Continent and the bankrupt marked or read in evidence, but that does not entitle them to have the entire page marked or read into the evidence or be examined by them. If certain portions of documents or books are relevant and material and other portions irrelevant and immaterial, the party ordered to produce them "may seal up such parts of the books, etc. as he swears do not relate to the claim," or he may instead furnish photostatic copies of the portions which are relevant, admissible, and material. Where a question arises as to whether or not any portion of a book or document is relevant, material, and admissible under the ruling of the court, that portion should be exhibited to the court, not to the opposing counsel, for the determination of its admissibility under its ruling. If, for instance, in the case at bar, there is any question as to whether or not any transaction recorded in any book of All Continent was with the bankrupt or third parties, that record should be shown to the referee or trial judge, who will determine its admissibility under the ruling here laid down. 1 Hoffman's Ch.Pr. p. 308; Campbell v. French, 2 Cox 286; Robbins v. Davis, 1 Blatchf. 238, Fed.Cas. No. 11880; 1 Daniel's Ch.Pr. 597; Mansell v. Feeney (No. 2), 2 J. & H. 320; Victor G. Bloede Co. v. Joseph Bancroft & Sons Co.,

C.C., 98 F. 175, 189; 3 Greenleaf on Evidence, 16th Ed., p. 290. The appellant did read into the evidence from certain pages of the cashbook of All Continent records of transactions with the bankrupt and answered questions relating to them, but he says that he refused to answer questions relating to other items on those pages or to have them marked in evidence or to permit counsel to inspect them, because none of the other transactions recorded on those pages were with the bankrupt. Counsel for Leitstein says that when he was before the referee and the District Judge on contempt proceedings, although he was cross-examined, "no offer whatsoever was made to prove that even a single entry in any of those pages which were in dispute before the Referee contained the slightest reference to or entry of a transaction with the bankrupt. * * * The record, therefore, discloses that not only did the moving party fail to carry the burden, but that on the contrary, the uncontradicted testimony of Leitstein showed that the pages in question did not contain any transaction with the bankrupt." If this is true, he is not guilty of any contempt, but was within his rights in refusing.

We remand the cause to the District Court for further procedure in accordance with this opinion.