**IN THE MATTER OF REVIEW CLAIM OF
MA'AMU ESAU WESTERLUND,
OTTO V. HALECK, EMPLOYER, Appellant**

**v.**

**MORRIS I. SCANLAN, COMMISSIONER,
WORKMEN'S COMPENSATION COMMISSION, Appellee**

## No. 115-1975

## High Court of American Samoa

### Civil Jurisdiction, Appellate Division

## November 11, 1975

The present matter arises on a motion to dismiss the appeal filed by appellant-employer following a decision of the Workmen's Compensation Board awarding benefits to appellee-claimant.

 Appellant appealed under the provisions of 3 A.S.C. 2101, part of the Administrative Procedure Act of American Samoa. However, subsection 2101(b) specifically provides that ". . . judicial review may not be sought

under this subchapter of any proceedings for which . . . the law specifically provides other adequate means of judicial review." The American Samoa Workmen's Compensation Act specifically provides a procedure to review a decision of the Workmen's Compensation Board. 24 A.S.C. 459 provides in part that "(i)f not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through *injunction proceedings*, brought . . . against the commissioner, and instituted in the High Court of American Samoa." (Italics ours.) It follows by legislative fiat that the general appeal provisions of the Administrative Procedure Act above referred are inapplicable, and that the only permissible review in Workmen's Compensation matters is by injunction. The document filed by appellant is not, and cannot be interpreted as an injunction action in the trial division of the High Court. Appellant's contention that 24 A.S.C. 459 and 460 are fatally ambiguous, is without merit.

The file reflects the filing of a document on May 29, 1975, entitled "Petition for Reconsideration." An order denying same was filed by the Commission June 19, 1975. 24 A.S.C. 458 provides a thirty day period from the date the compensation order is filed in the office of the commissioner in which proceedings for the suspension or setting aside of such order may be instituted. It is unnecessary to rule whether a "Petition for Reconsideration" tolls the statutory period above-referred. Under the most generous time frame encompassed in the filing of documents herein, no authorized proceedings under 24 A.S.C. 459 were filed under *any* statutory period. The compensation order is final.

No sum or sums of any kind have been paid under the commission award, and no stay was ever granted appellant.

Appellant claims that appellee has no standing before this court. Because of appellant's choice of procedure by

filing a general type of appeal, any party in interest is qualified to make the present motion.

IT IS ORDERED, ADJUDGED and DECREED that the motion to dismiss appeal is granted.

Fees and cost are prayed for, alleging the appeal to be "frivolous." The following applies only to this contention.

24 A.S.C. 449 provides that "If the court having jurisdiction . . . determines that the proceedings . . . have been . . . continued without reasonable ground, the *costs* of such proceedings shall be assessed against the party who has instituted or continued such proceedings." Costs do not include fees and/or penalties inferentially.

However, Rule 63, Rules of the High Court, provides that "if the Court shall determine that an appeal is frivolous . . . reasonable attorney's fees." The following is cogent:

1. Date of death was April 17, 1974. The exact time employer gained knowledge of the injury is not stated; however, the police report dated the same day shows that the employer was contacted and acknowledged that decedent was driving employer's truck for bread delivery. The records show that *at no time* did employer controvert entitlement. He did not comply with 24 A.S.C. 464; hence, a right to compensation was established before May 2, 1974.

2. Notice of claim was filed and receipted for by employer September 27, 1974. Late filing does *not* excuse non-compliance with 24 A.S.C. 464.

3. Three of the five continuances were granted because employer's attorney was either "off-island" or failed to appear without explanation. Affidavits are conflicting, but the sixth continuance to February 13, 1975 from February 11th was made by the Commissioner without notice. On February 13, 1975, employer's counsel was notified person-

ally, appeared at the hearing, objected to same, and left for other "commitments." He did not claim that he had to be in another court that morning. He elected on his own motion to leave a hearing which in his presence was ordered to proceed. Because of the failure to controvert, only one problem remained, i.e., the factual question of the extent, if any, of the dependency of Ma'amu Westerlund. His departure without examining the witnesses there available on the subject was, in this court's opinion, inexcusably daring and capricious.

4. A "Petition for Reconsideration" was made and denied. Another six weeks had elapsed and appellant had full reason to know at that time that judicial review was his only last resort.

5. There was no valid reason and/or explanation why the clear provisions of 24 A.S.C. 459 were not followed. Refusing to utilize an unambiguous section (24 A.S.C. 459) proscribing the exact *and only* method of *Judicial Review* because of an alleged inadequate wording in a section (24 A.S.C. 460) pertaining *only* to Enforcement Proceedings is completely unconscionable. Under the American Samoa Code, the "appeal" was, on its face, fatally defective when filed. It served only to forestall claimants for another three months.

For all reasons above, the selection of the abortive "appeal," the background of the litigation indicating the time-consuming procedures utilized, and the fact that no one has ever denied the rights to compensation, all combine to qualify this appeal as frivolous.

IT IS FURTHER ORDERED, ADJUDGED and DE-CREED that appellants pay to appellees the sum of $575.00 fees and costs reasonably incurred in combating the appeal, under Rule 63 of the Rules of the High Court of American Samoa.

## On Motion for Rehearing

In connection with appellant's Motion for Rehearing, following an order dismissing appeal entered September 30, 1975, the following is cogent:

The Workmen's Compensation Act of American Samoa, 24 A.S.C., is extraordinarily similar to and seems to have been drawn largely from 33 U.S.C. Chapter 18, Longshoremen's and Harbor Workers' Compensation Act. See: *Hartford Fire Ins. Co. v. Workmen's Compensation Commission of American Samoa, et al.* (H.C.A.S. 1975), Appellate No. 76-74. 33 U.S.C. 921 (prior to the 1972 amendment thereto) is almost exactly duplicated by 24 A.S.C. 458, 459 and 460, with only minor changes inserted to make the statute applicable to American Samoa. Thus, cases construing the provisions of 33 U.S.C. 921 are useful to guide this court in its interpretation of 24 A.S.C. 458, 459 and 460.

Where injunction is stated to be the means for setting aside or suspending a compensation order, it is the exclusive method for securing judicial relief. *Czaplicki v. The Hoegh Silvercloud* (C.A.N.Y. 1955), 223 F.2d 189 (reversed on other grounds 351 U.S. 525); *Lacomastic Corporation v. Parker* (D.C. Md. 1944), 54 F.Supp. 138. As this Court stated in its Order Denying Appeal, the use of the Administrative Procedure Act (A.P.A.) Title 3, American Samoa Code, is limited by its own statutes. 3 A.S.C. 2101(b) states that the A.P.A. may not be used when another means of review is provided. The propriety of injunction as "another means of review," expressly provided in 24 A.S.C. 459, is not for appellant to determine, nor may he ignore the section. The Fono of American Samoa approved an entire Title in the Code to cover workmen's compensation cases. We find that the Fono intended 3 A.S.C. 2101(b) to limit which proceedings may

be taken under its auspices and that 24 A.S.C. 459 is the exclusive method for review of compensation awards.

 Appellant asserts that 24 A.S.C. 458 does not put a time limitation on judicial review, but simply effects finality of a compensation award after thirty days, for purposes of an enforcement order pursuant to 24 A.S.C. 460. The assertion is erroneous. 24 A.S.C. 458, 459 and 460, consonant with 33 U.S.C. 921, clearly intend that any judicial review of a compensation award be instituted *within* thirty days of the date of filing of the award in the commissioner's office, and if no proceedings are begun before that time, the order becomes final and *not* subject to any further review. (Emphasis ours.) *Assoc. Indemnity Corporation v. Marshall* (C.C.A. Or. 1934), 71 F.2d 420; *Flamm v. Willard* (D.C.N.Y. 1954), 125 F.Supp. 932. Once final, the only judicial action possible is enforcement of an award against an employer pursuant to Section 460. Thus, the statutory time specified for review is jurisdictional. *Sandlick Coal Co. v. Hughes* (C.C.A. Ky. 1951), 239 S.W.2d 258.

Where the statutes require that a workmen's compensation award must be by injunction and must be instituted within thirty days of the filing of the award, any other proceeding initiated for review would not toll the thirty day statute. *Baden v. Transport Insurance Co.* (C.C.A. Tex. 1957), 307 S.W.2d 655.

 24 A.S.C. 459(a) designates the commissioner of the Workmen's Compensation Commission as party defendant in the injunctive review proceedings. However, a real party in interest is the one who has legal title to the cause of action (*Ind. Comm. of Utah v. Wasatch Grading Co.* (Utah 1932), 14 P.2d 988), and/or is the one who is to be benefited or injured by the judgment in the case. *Sunshine Oil Co. v. Chantry* (Okla. 1939), 96 F.2d 20; *Maryland*

*Cas. Co. v. King* (Okla. 1963), 381 P.2d 153. It is beyond dispute that claimant, Westerlund, is a real party in interest herein and was entitled to intervene when appellant filed his court action.

24 A.S.C. 459(a) does not preclude intervention by an interested party in accordance with Rule 24 of the Federal Rules of Civil Procedure. *Tatum v. Cardillo* (D.C.N.Y. 1951), 11 F.R.D. 585. A written motion to intervene is the proper procedure. However, since claimant as a real party in interest would have been entitled, as a matter of right, to intervene, the Court finds no prejudice to appellant in any degree whatever, in waiving the technical requirement and allowing claimant to proceed with the motion to dismiss the appeal.

Passing to appellant's additional assertions, we answer by his paragraph numbers in his Petition for Rehearing:

1. 24 A.S.C. 459(a) provides injunction, "mandatory or otherwise, . . ." The three words within the commas describe and define the term, injunction. There are two categories of injunction, mandatory and prohibitory. Thus, "otherwise" must refer to prohibitory. It stretches credulity beyond the breaking point to interpret appellant's "Appeal" as an injunction, mandatory or prohibitory. It was an attempt at an appeal under the Administrative Procedure Act; injunction was neither pled nor prayed for.

2. Has been answered in the court's discussion above.

3. Has been answered in the court's discussion above.

4. Has been answered in the court's discussion above.

The petition for rehearing on all the preceding matters is hereby denied.

The Court does grant a rehearing without oral argument and encompassing the papers filed to this date on the issue of frivolity of the appeal and the fees awarded thereunder. (Rule 66 of the High Court of American Samoa)

5. Denial that the appeal was frivolous.

1004

(1, 2) Have been answered in the court's discussion above.

(3) Counsel for appellant is directed to his own affidavit contained in paragraph 8 thereof, and attached to his Reply. "I excused myself and left for my 10:30 commitment at the courthouse." By his own affidavit, he did not claim he had to be in another court that morning. He simply left. It is elemental that in order for an attorney to seek continuance on the grounds that he is committed to another court, he must announce the fact; it is customary procedure to relate the name of the court, and the title of the case set for trial. Counsel herein failed to preserve any right in this regard he might have had.

(4) The court's "invention" was derived from claimant's statement of FACTS, page two, paragraph three thereof, and attached to her Motion to Dismiss Appeal. Counsel for appellant at no time, by affidavit or otherwise, denied such statement.

(5) (1) The events transpiring on February 11, 1975, contested by conflicting statements of both counsel in their recitation of facts, have no bearing nor relevancy to the events transpiring on February 13, 1975.

(2) No issue is presented for comment.

One factor in previously holding the appeal frivolous was the unconscionable, unjust time involved in bringing to hearing a matter specifically designed to be expedited. The sole fact of selecting a form of "appeal" not recognized by the American Samoan Code, is not in itself frivolous. An attorney can be perfectly sincere though his efforts are found to be erroneous. A review of the chronology in this case indicates that not a small part of the delay was occasioned by others than appellant and his counsel.

Because this court feels that it may have been swayed by the injustice suffered by claimant and as a result it may have assessed too much of the responsibility therefor on

appellant, the last two paragraphs of the Order Dismissing Appeal, page 1001 of this volume, are ordered deleted and the following is ordered inserted in lieu thereof.

"However, the Court has determined that a portion of the delays which caused the commission hearing, submission time and appeal procedure to encompass one and one-half years, was occasioned by others than appellant and/or his attorney, and because the court should not read into procedure the motives therefor, it is determined that the appeal is not wholly frivolous."

As amended, the Order Dismissing Appeal is ordered to stand.

The wording and tenor of the Petition for Rehearing in this matter was rude and thoroughly unprofessional. Counsel is advised that in subsequent pleadings the Court will not tolerate negative insinuations and innuendos directed at the Court. Counsel would be well advised to adhere to legal argument executed in a professional manner.