**SNYDER v. UNITED STATES.**
No. 48757.

United States Court of Claims.
Feb. 7, 1949.

No appearance for plaintiff.

Kendall M. Barnes, of Washington, D.C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and HOWELL, MADDEN, WHITAKER and LITTLETON, Judges.

JONES, Chief Judge.

Plaintiff alleges that from May 1941 until June 1, 1948, he was the owner of a multiple residence located in the city of Beloit, Wisconsin; that during the war period the Office of Price Administration, and later the Office of Temporary Controls, fixed the rent at $30 a month on one unit and $32.50 a month on the other unit; that on July 1, 1947, the Office of Temporary Controls on appeal granted an increase of $2.50 and $3.-50 in the monthly rental on the two units respectively; that surrounding similar units rented for amounts from $72 to $85 a month.

Plaintiff claims the sum of $2,925 in loss of rentals on the ground that he was denied the same equal rights and privileges as landlords who were not subject to price control law.

Plaintiff further pleads that by reason of the alleged discrimination he was forced to sell his property to avoid further loss and that such selling price was more than $5,000 less than the market value of such building at the time of the sale.

In addition to the claim for loss in rentals plaintiff sues for the reduction in value which he alleges was the result of discriminatory acts of the Office of Temporary Controls.

The defendant demurs and moves that plaintiff's petition be dismissed on the ground that it does not state a cause of action against the defendant.

The basis of plaintiff's dual claim is the Government's action pursuant to the terms of the Emergency Price Control Act approved January 30, 1942, 56 Stat. 23, 50 U.S.C.A.Appendix, § 901 et seq. The regulations issued pursuant to the statute were published in the Federal Register and the court will take judicial notice of their terms.

In accordance with the provisions of the Price Control Act the Price Administrator

on October 22, 1942, issued Maximum Rent Regulation 53, 7 Fed.Reg. 8596, establishing maximum rates for a number of different areas, including the area in which the plaintiff's property was located.

This regulation established rent ceilings at the March 1, 1942 level, and provided for individual adjustments in hardship cases. The effect of this regulation was to limit the rents on the two units owned by the plaintiff to the amount of the rents which he had been receiving on March 1, 1942.

In the case of Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892, the Supreme Court sustained the constitutionality of the Price Control Act of 1942 and of rent ceilings established thereunder. The court also held that the establishment of such ceilings did not constitute a taking of the property compensable under the Fifth Amendment.

■ There was not a taking of the property for public use. The primary purpose was to prevent inflation in housing costs in a defense area.

The plaintiff also insists that there was discrimination as between him and other owners in the same general area.

■ This court, however, has no jurisdiction to review the Price Administrator's determination of the rate applicable to plaintiff's premises. We are not authorized to determine the fairness of either the rental ceilings as originally established on plaintiff's property or the higher ceilings established on July 1, 1947. By the terms of Sections 203 and 204 of the Emergency Price Control Act exclusive machinery was set up for the review of such determinations. The sections referred to provide for a protest to the Price Administrator, an appeal to the Emergency Court of Appeals and a petition to the Supreme Court for a writ of certiorari.

Section 204(d) of the Price Control Act contains the following language: "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have *exclusive jurisdiction* to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order or price schedule, or to restrain or enjoin the enforcement of any such provision." [Italics supplied.]

Since the procedure set out in the Price Control Act was exclusive, plaintiff's remedy for any unfair action in establishing rent ceilings on his property lay in pursuing the exclusive provisions for relief named in the act. The specific language of the statute excluded action by any court other than those named in the act.

Plaintiff also seeks to recover $5,000 as the amount which he asserts he was compelled to accept less than the market value of the property which he sold on June 1, 1948.

■ In line, however, with numerous decisions by the Supreme Court, any loss which plaintiff may have suffered on this transaction could be considered only as consequential damages for which the defendant is not liable.

The case of Bothwell v. United States, 254 U.S. 231, 41 S.Ct. 74, 65 L.Ed. 238, involved the flooding of certain lands used by plaintiff in conducting his business of raising cattle, as a consequence of which he was compelled to sell the cattle at prices below their fair value. In holding that the plaintiff could not recover for such a loss the Supreme Court, 254 U.S. at pages 232, 233, 41 S.Ct. at page 75, 65 L.Ed. 238, said: "In the circumstances supposed there might have been a recovery 'for what actually has been taken, upon the principle that the government by the very act of taking impliedly has promised to make compensation because the dictates of justice and the terms of the Fifth Amendment so require.' United States v. Cress, 243 U.S. 316, 329, 37 S.Ct. 380, 385, 61 L.Ed. 746. But noth-

338

ing could have been recovered for destruction of business or loss sustained through enforced sale of the cattle. *There was no actual taking of these things by the United States, and consequently no basis for an implied promise to make compensation."* [Italics supplied.]

If we give the language of the petition the broadest possible meaning and accept the allegations therein as true, they fail to state a cause of action within the jurisdiction of this court.

The defendant's demurrer and motion to dismiss are sustained and the petition is dismissed. It is so ordered.

HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.