Opinion
Per Curiam :
This case involves the question of whether orders issued by the Office of Price Administration and its successor, the Office of Housing Expediter, pursuant to the terms of the Emergency Price Control Act, approved January 30, 1942, 56 Stat. 23, constituted a taking of plaintiffs’ property.
The Administrators of these agencies issued various regulations placing rent ceilings and other restrictions upon the use of plaintiffs’ property.
The issues in this case, insofar as we can determine them, are substantially the same as were involved in the case of Snyder v. United States, 113 C. Cls. 61, certiorari denied, 337 U. S. 325.
In that case we followed the principles laid down by the Supreme Court in Bowles v. Willingham, 321 U. S. 503, which sustained the constitutionality of the Price Control Act of 1942, supra, and the price ceilings established pursuant thereto, and which further held that the ceilings thus provided did not constitute a taking, under the Fifth Amendment, of the property subject thereto.
We also held that this court has no jurisdiction to. review the price determinations of the Administrator, in the absence of a taking of property, since sections 203 and 204 of the Emergency Price Control Act conferred on the Emer *577 gency Court of Appeals the right of review of such determination. Section 204 (d) of such act contains the following language:
The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders * * * shall have exclusive jurisdiction to determine the validity of any regulation or order issued under .section 2, of any price schedule effective in accordance with the provisions of sectioñ 2Ó6, and of any provision of .any such regulation, order, or price schedule. Except as. provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order,- or price schedule, or to restrain or enjoin the enforcement of any such provision. [Italics supplied.]
Since we have no jurisdiction of the subject matter under the wording of the statute and the decisions of the Supreme Court, we have no choice other than to dismiss. .
The demurrer is sustained and the petition dismissed.