The facts sufficiently appear from the opinion of the court,
per curiam,
as follows:
*860 Plaintiff sues to recover for loss of income and damages to his property which he alleges he sustained as a result of rulings of the Office of Price Administration and its successor, the Office of Housing Expediter.
The question involved is whether the orders and regula? tions issued by the Office of Price Administration and the Office of Housing Expediter, pursuant to the terms of the Emergency Price Control Act, approved January 30,1942, 56 Stat. 23, constituted a taking of plaintiff’s property.
The issues in this case are substantially the same as in Snyder v. United States, 113 C. Cls. 61; cert. denied, 337 U. S. 325.
In that case we held that the ceilings established under the Price Control Act of 1942, supra, did not constitute a taking, under the Fifth Amendment, of the property subject .thereto. Bowles v. Willingham, 321 U. S. 503. There was no taking of the property for public use. The primary purpose of the Price Control Act was to prevent inflation in housing costs in defense areas.
We further held that this court has no jurisdiction to review the Price Administrator’s determinations in the absence of a taking of property, since the Emergency Price Control Act conferred upon the Emergency Court of Appeals the exclusive right to review such determinations. Section 204 (d) reads in pertinent part as follows:
The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders * * * shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provisions of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, *861 ■or price schedule, or to restrain or enjoin the enforcement of any such provision. [Italics supplied.]
Plaintiff also seeks to recover for damages to his property occasioned by the alleged failure of the tenant to live up to his agreement to repair and maintain the property in consideration of a reduced rental. However, it has long been held that any such damages are of a consequential nature for which the defendant is not liable.
Since we have no jurisdiction of the subject matter under the wording of the statute and the decisions of the Supreme Court, we have no choice other than to sustain the demurrer and dismiss the petition.
■ It is so ordered.