## MATVEYCHUK v. UNITED STATES.

### No. 203, Docket 22226.

United States Court of Appeals
Second Circuit.

Argued March 11, 1952.

Decided March 25, 1952.

Gregory Matveychuk, Bayside, L. I., N. Y., plaintiff-appellant pro se.

Lewis S. Flagg, III, Asst. U. S. Atty., Brooklyn, N. Y. (Frank J. Parker, U. S. Atty., and George Taylor, Asst. U. S. Atty., both of Brooklyn, N. Y., on the brief), for defendant-appellee.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

PER CURIAM.

Plaintiff, acting as his own attorney, claims $3,460 from the United States of America because the Office of Price Administration denied him permission to increase the rent charged by him for his house at Bayside, Queens County, New York City. In three separately alleged causes of action which he presses with more vigor than clarity, he claims, first, that the denial of his requested increase made the United States liable for the acts of his tenant and hence responsible to the extent of $1,500 for the tenant's failure to keep the premises in repair as agreed; second, that the tenant failed to pay rent for nine months, causing a further loss, based on the rate he deems fair, of $1,125; and third, that the tenant's removal from the house and its resulting vacancy for three years to date caused a final loss of $1,200. It appears that before bringing

suit he duly appealed from the action of the local Area Rent Director to the Regional Administrator and then to the Housing Expediter, but not to the Emergency Court of Appeals; also that the United States Court of Claims had refused to entertain jurisdiction of his claim. The court below held that he could not maintain his present action and dismissed it on the government's motion.

 There are obviously several grounds upon which the judgment of dismissal must be affirmed, the most immediately important being that the United States has not consented to be sued on such a claim as this, Hill v. United States, 149 U.S. 593, 598, 13 S.Ct. 1011, 37 L.Ed. 862; 28 US.C.A. § 2680(a) and (h); and that as to all orders of price regulation the Emergency Court of Appeals has exclusive jurisdiction. 50 U.S.C.A.Appendix § 924(d); Snyder v. United States, 113 Ct.Cl. 61, 82 F.Supp. 335, certiorari denied 337 U.S. 931, 69 S.Ct. 1496, 93 L.Ed. 1738. It is unfortunate that plaintiff has been unwilling to seek or take professional advice as to the lack of legal substance to his present claim and thus avoid wasting his time and ours in fruitless litigation.

Affirmed.