**STANDARD–VACUUM OIL COMPANY,**

v.

**THE UNITED STATES.**

No. 48319.

United States Court of Claims.

Decided Jan. 11, 1955.

Cravath, Swaine & Moore, New York City, for plaintiff. Albert R. Connelly and George S. Collins, New York City, were on the brief.

Kendall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen. Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion for a new trial under Rule 54(b) (5) and (6), 28 U.S.C.A., or, in the alternative, for reconsideration of the or-

der of the court entered on December 1, 1953, denying the motion for a new trial.

It appears that on November 6, 1951, this court rendered an opinion, 100 F. Supp. 970, 980, 120 Ct.Cl. 518, in which it stated:

"Caltex, Standard, and Shell are entitled to recover for the taking of their terminal facilities on Pandacan, and Standard is entitled to recover for the taking of its petroleum products on Cebu, the exact amounts being reserved for further proceedings under Rule 38(c)."

Petition for certiorari was filed and granted, 343 U.S. 955, 72 S.Ct. 1050, 96 L.Ed. 1355, from the judgment holding the defendant liable on the Pandacan claims of Caltex (Philippines), Inc., Standard-Vacuum Oil Company, and the Shell Company of Philippine Islands, Ltd., and the Supreme Court reversed our judgment on these claims, 344 U.S. 149, 73 S.Ct. 200, 97 L.Ed. 157. But the claim of the Standard-Vacuum Oil Company for the taking of its petroleum products on Cebu was not involved in the petition for certiorari to the Supreme Court, and our judgment holding defendant liable on that claim was unaffected thereby.

Under 28 U.S.C. § 2515, defendant filed on November 2, 1953, a motion for a new trial in the Standard-Vacuum Oil Company case insofar as it related to its petroleum products on Cebu; but this motion was overruled by the court on December 1, 1953, and the case was remanded to a Commissioner for the taking of testimony under Rule 38(c). The Commissioner has not filed his report and no judgment on the amount plaintiff was held entitled to recover has been entered.

In Caltex (Philippines), Inc., v. United States, No. 48322, Ct.Cl., 122 F.Supp. 830, we decided on July 13, 1954 that our former judgment in the Standard-Vacuum Oil Company case, No. 48319, relating to the petroleum products on Cebu, was in error, and we overruled it, and in that case we held that Caltex (Philippines), Inc., was not entitled to recover for the destruction of its petroleum products on Cebu. Caltex (Philippines), Inc., and Standard-Vacuum Oil Company were in exactly the same situation with reference to their petroleum products on Cebu and, therefore, since we have held that Caltex (Philippines), Inc., is not entitled to recover, it follows that Standard-Vacuum Oil Company is not entitled to recover. But our former judgment of November 6, 1951, holding that it was entitled to recover still stands.

Have we authority to now set aside this judgment?

Section 2515, 28 U.S.C. provides:

*"New trial; stay of judgment*

"(a) The Court of Claims may grant a plaintiff a new trial on any ground established by rules of common law or equity applicable as between private parties.

"(b) Such court, at any time while any suit is pending before it, or after proceedings for review have been instituted, or within two years after the final disposition of the suit, may grant the United States a new trial and stay the payment of any judgment upon satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done the United States."

More than two years have elapsed since we rendered our judgment holding the defendant liable, but the case has not been finally disposed of, as we stated at the outset, and 28 U.S.C. § 2515 gives us authority to grant a new trial within two years "after the final disposition of the suit." There is, therefore, still time for us to correct the error we have committed.

Accordingly, on the authority of our opinion in Caltex (Philippines), Inc., v. United States, No. 48322, decided July 13, 1954, we now hold that Standard-Vacuum Oil Company is not entitled to recover for the destruction of its petroleum products remaining on Cebu when the Japanese were about to land on April 10, 1942. For all such products

which had been appropriated by the defendant to its own use and which have not been paid for, it is entitled to recover.

Our former judgment is set aside, and the case is referred to a Commissioner to take proof and report the amount due in accordance with this opinion.

It is so ordered.

JONES, C, J., and LARAMORE, MADDEN, and LITTLETON, JJ., concur.