## STANDARD-VACUUM OIL COMPANY
### v.
### UNITED STATES.
### No. 48319.

United States Court of Claims.
July 16, 1958.

George S. Collins, New York City, for plaintiff. Warrack Wallace, New York City, was on the briefs.

Kendall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

LARAMORE, Judge.

Plaintiff sues to recover just compensation for its petroleum products stored at Cebu, Philippine Islands, which it alleges the defendant seized on December 8, 1941, immediately following the attack on the Philippine Islands by Japan.

This case first came before the court on the proofs in 100 F.Supp. 970, 980, 120 Ct.Cl. 518, 553, wherein we held that " * * * the Depot Commander [Cebu], with full authority to do so, took Standard's petroleum products for the United States on December 8, 1941, not for destruction, but for use, and Standard is clearly entitled to just compensation for its products so taken."

Standard-Vacuum was one of three plaintiffs which had claims for just compensation for terminal facilities alleged to have been taken in the Pandacan District of Manila, Philippine Islands, and for petroleum products on the Island of Cebu. The court allowed compensation for the terminal facilities destroyed in Pandacan and also for Standard-Vacuum's petroleum products taken on Cebu. The Pandacan claims were appealed by the defendant to the Supreme Court which resulted in a reversal of this court's decision, United States v. Caltex, 344 U.S. 149, 73 S.Ct. 200, 97 L.Ed. 157. This left plaintiff's judgment on its Cebu claim standing. Thereafter, and while plaintiff's claim was pending before a commissioner of this court for a determination of the amount due, the court decided in the case of Caltex (Philippines), Inc. v. United States, 122 F. Supp. 830, 129 Ct.Cl. 605, certiorari de-

nied 348 U.S. 926, 927, 75 S.Ct. 339, 99 L.Ed. 726, under an identical fact situation that there had been no Fifth Amendment taking of Caltex's petroleum products on Cebu. The court further held that it was in error on the Cebu claim of Standard-Vacuum and to that extent overruled its previous opinion.

Defendant then moved for a new trial under rule 54(b) (5) and (6), 28 U.S.C.A. In an opinion, 127 F.Supp. 195, 196, 130 Ct.Cl. 431, 433, we granted defendant's motion for a new trial and set aside the former judgment and held "that Standard-Vacuum Oil Company is not entitled to recover for the destruction of its petroleum products remaining on Cebu when the Japanese were about to land on April 10, 1942. For all such products which had been appropriated by the defendant to its own use and which have not been paid for, it is entitled to recover." The case was referred to a commissioner to take proof and report the amount due.

Plaintiff then filed a motion under rule 54(b) (1) for relief from the above order. The court amended in 127 F.Supp. 195, 130 Ct.Cl. 434 its reference to the commissioner, using the following language to allow "the taking of any evidence the parties may desire to offer relative to the alleged taking of plaintiff's oil products on Cebu; otherwise the order of January 11, 1955, [127 F.Supp. 195, 130 Ct.Cl. 431] will stand." [132 F.Supp. 198] This motion was granted by the court for the reason that plaintiff was not a party to the Cebu claim of Caltex (122 F.Supp. 830, 129 Ct.Cl. 605) and should not be bound by the facts developed in that case. We did this notwithstanding that the facts relative to the oil products of Caltex, Inc. and of Standard-Vacuum Oil Company appeared in all respects to be the same.

A trial was held pursuant to our amended order at which time plaintiff presented no additional evidence but rested on specific portions of the record previously made in the trial of the consolidated case (100 F.Supp. 970, 120 Ct. Cl. 518). Defendant introduced two witnesses pertaining to the authority of Colonel Cook, the Depot Commander at Cebu, who it was alleged had authority to take plaintiff's property for the use of the Government.

The record now before us on plaintiff's Cebu claim reveals an identical fact situation as was presented in the Caltex case, which claim we rejected holding that there had been no taking of Caltex's petroleum products on Cebu. We so held because [129 Ct.Cl. 605, 122 F.Supp. 833] "[t]he exercise of control over, and the placing of restriction on the disposition of plaintiff's products for the purpose of conserving them did not amount to a taking. Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Neumaticos Goodyear S. A. v. United States, 73 F.Supp. 969, 109 Ct.Cl. 535; Foreign Trade Management Company, Inc. v. United States, 74 F.Supp. 552, 109 Ct.Cl. 587; Snyder v. United States, 82 F.Supp. 335, 113 Ct.Cl. 61; St. Regis Paper Company v. United States, 76 F.Supp. 831, 110 Ct.Cl. 271, certiorari denied 335 U.S. 815, 69 S.Ct. 32, 93 L.Ed. 370." See also Anderson, Clayton & Company, Inc. v. United States, 122 F.Supp. 835, 129 Ct.Cl. 347. Plaintiff's failure to show that its claim is in any material respect distinguishable from Caltex necessarily requires that we dismiss its petition on the ground that there has been no compensable taking of plaintiff's property by the defendant.

Also, the record reveals that all products which actually were appropriated by defendant for its own use or dispersal have been paid for.

Inasmuch as we find no Fifth Amendment taking, it is unnecessary to discuss the question of Colonel Cook's authority.

Plaintiff's petition is dismissed.

It is so ordered.

REED, Justice (Retired), sitting by designation, FAHY, Circuit Judge, sitting by designation, JONES, Chief Judge, and MADDEN, Judge, concur.