251 F.2d 961
 GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, Ltd., et al., Appellants,
v.
P. J. DONOVAN, Deputy Commissioner, District of Columbia Compensation District, Bureau of Employees' Compensation and L. B. Bedney, Appellees.
 No. 14022.
 United States Court of Appeals District of Columbia Circuit.
 March 28, 1958.
 
 Memorandum to Accompany Order Denying Motion for Reconsideration
 PER CURIAM.
 
 
 1
 Counsel for the claimant Bedney here filed a brief as did the Deputy Commissioner in opposition to that submitted by the appellants. Counsel for the respective parties presented oral argument, and thereafter we affirmed the order of the District Court which had granted summary judgment in favor of the appellees. D.C.Cir.1958, 251 F.2d 915. Counsel for appellee Bedney thereupon moved before this court for the allowance of an attorney's fee of $2,000 "for legal services rendered in this cause and in this court." We denied his motion but our order expressly granted "leave to apply to the District Court, where after hearing and proper representation, fees may be fixed."
 
 
 2
 Counsel now moves for reconsideration of our order and tells us that he had been allowed a fee of "only" $200 by the Deputy Commissioner "for the three hearings held before said Commissioner," and a fee of $500 by the District Court for legal services performed before that court. We assume that the allowance of $700 comes within counsel's prayer for compensation "for legal services rendered in this cause" and that he now asks the further sum of $1,300 for legal services rendered "in this court."
 
 
 3
 We have no knowledge of what may be an appropriate fee for the three hearings before the Deputy Commissioner, but it is surely open to inference that counsel complains of what he was there allowed when he tells us that he was "only allowed a fee of $200." Unless we were now to exhume and study that record for the purpose of considering whether or not counsel had been unfairly treated, we would have no adequate basis upon which to appraise the extent of services by counsel, the time consumed, the degree of skill exhibited, the extent of his realization and knowledge of the issues upon which the case was to turn and similar criteria. We may assume that if the District Judge concluded that a $200 fee for services before the Deputy Commissioner was inadequate, he took that fact into account when he allowed the further sum of $500 for the court services. We certainly may fairly conclude that he is more conversant than we with what may be the "going rate" in compensation cases where the award is based upon the statute once compensability has been established.
 
 
 4
 Counsel now tells us that in the very unusual case of Robinson v. Bradshaw, 1953, 92 U.S.App.D.C. 216, 206 F.2d 435, this court allowed a fee of $1,000 and the Supreme Court, after certiorari had been denied, 346 U.S. 899, 74 S.Ct. 226, 98 L.Ed. 400, allowed claimant's attorney a fee of $650 for services rendered in opposing the petition for the writ. It would thus appear, without more, that counsel was allowed $1,650 "whereas the reserve was $42,500.00," as this movant sets forth. Thus, since the award in the instant case is approximately $42,000, it may be that this attorney should receive no more than was allowed to counsel in Robinson v. Bradshaw. On the other hand, it well may be that he can show he should receive the additional $1,300 he seeks for services here.
 
 
 5
 We have said enough to demonstrate that this motion should, in our view, be directed to the District Court[1] which possesses the facilities for the taking of testimony, if necessary, and the competence to deal with the problem. It is our present purpose, as we thought we had made clear, to permit claimant's attorney to seek in the District Court an additional allowance for services rendered to the claimant in this court. We think counsel is entitled to some additional fee. We do not know how much that fee should be. Our order will authorize that court to make such fee allowance as to it shall seem proper, taking into account all services rendered by counsel for the claimant, and having in mind such allowances as had been made at earlier stages. As to the value of services before this court, hearings may be held if necessary, counsel may exhibit his briefs and explain his work; perhaps the Deputy Commissioner may wish to be heard or even the claimant himself. Such factors as normally are considered by a court in an allowance of counsel fees in compensation cases may be weighed. Of course, all concerned will realize that this is not a negligence action, but a compensation case, arising under a statutory compensation plan.
 
 
 6
 Let an order enter denying counsel's motion for reconsideration, with a copy of this memorandum to accompany the order.
 
 
 
 Notes:
 
 
 [1]
 That is the court to which had been brought "proceedings for review of the order of the deputy commissioner in respect of such * * * award * * *." 33 U.S.C.A. § 928. Before us, technically, had been broughtnot a proceeding for review of the Deputy Commissioner's order, but one to review the order of the District Court. We do not quibble, indeed as in Robinson v. Bradshaw, supra, we have acted to grant counsel fees. In any event we certainly have power upon proper showing of abuse of discretion to review a District Court's fee fixing order. Some Courts of Appeals directly fix fees for services in an appealed case. Zeller v. Associated Indemnity Corporation, 9 Cir., 1937, 92 F. 2d 453. Others have done so where the District Court's order has been affirmed, as here, but have left the fee to be fixed by the District Court after a reversal and remand. Henderson v. Avondale Marine Ways, Inc., 5 Cir., 1953, 205 F. 2d 518.